## *In re* BOARD OF STREET OPENING AND IMPROVEMENT.

### *In re* WENDOVER AVE.

(*Supreme Court, General Term, First Department.* October 20, 1892.)

1. OPENING STREET—PAPERS ON MOTION TO CONFIRM REPORT—DISCRETION.

On a motion by commissioners, in a proceeding to open a street, for a final order confirming their report, it is within the discretion of the court to include in the motion papers on which the order is granted an affidavit presented in opposition to the granting of the order.

2. SAME—AMOUNT OF ASSESSMENT.

The question of the amount of assessment to be by the commissioners of estimates and assessments made on property to be benefited by the opening of a street is within the exclusive jurisdiction of such commissioners, and their conclusions will not be disturbed, if honestly and fairly made.

3. SAME—INCREASE IN FINAL REPORT.

In the final report of the commissioners their assessment on defendant's lots was much larger than it was in the preliminary estimate made, the reason for the increase being that certain other property, which in the preliminary estimate had been assessed at a certain sum, could not lawfully be assessed so much, since such assessment exceeded one half of the assessed value for general taxation of those lots, in violation of the consolidation act. The amount of the diminution thus made necessary on those lots was charged over in part on defendant's lots. It appeared from the report of the commissioners that the benefit derived from the improvement by defendant was equal to the assessment, and that the assessment was within one half of the assessed value for general taxation, thus conforming to the requirement of the consolidation act. *Held*, that the commissioners were acting within their authority in thus increasing the assessment on defendant's lots.

Appeal from special term, New York county.

Application of the board of street opening and improvement of the city of New York, for and on behalf of the mayor, aldermen, and commonalty of the city of New York, relative to acquiring title, wherever the same has not been heretofore acquired, to that part of Wendover avenue (although not yet named by proper authority) extending from Webster avenue to Third avenue, in the Twenty-Fourth ward of the city of New York, as the same has heretofore been laid out and designated as a first-class street or road by the department of public parks. On the settlement of the final order confirming the report of the commissioners of estimates and assessments, the New York & Harlem Railroad Company, by its attorney, presented an affidavit in opposition, which affidavit was not included in the motion papers on the settlement of the order. From an order denying the application to resettle the final order by reciting therein the affidavit, the company appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*T. H. Baldwin,* for appellant. *W. H. Clark* and *Carroll Berry,* for respondent.

PATTERSON, J. Concerning the order denying the application to resettle the final order confirming the report of the commissioners by reciting therein that a certain affidavit was presented and read in opposition to the motion, it is sufficient to say that such affidavit (which by stipulation was, printed with the record simply for the inspection of the court) was not of such a character as entitled the appellant to submit it as a matter of right, but it was within the discretion of the court to permit it to be put in. That such permission was not given appears from the order of the court refusing to have it recited as being among the papers used on the motion; and, after considering this affidavit, we see no cause for differing with the learned judge below respecting his decision concerning it, if for no other reason than that it is in the main nothing but an argument of counsel in the form of proof. The learned judge below was right in refusing to consider it. It may be convenient for use as a statement of counsel's views of the commissioners' proceedings, but as a brief it gains no additional force by being verified, and the order denying the motion to resettle by including this affidavit in the motion papers is affirmed, with $10 costs.

The objections urged to the final order relate to the assessment for benefit to property belonging to the New York & Harlem Company, which was included by the commissioners within the area of assessment for the improvement of opening Wendover avenue. Our attention has been called by the appellant to various matters claimed to be errors on the part of the commissioners, respecting the amounts assessed upon it for the improvement. It has been frequently held that the question of the amount of assessment is one within the exclusive jurisdiction of the commissioners, who act in that regard very much as a jury, and their conclusions will not be disturbed so long as they have been honestly and fairly made. *In re Boston Road,* 27 Hun, 409; *In re Broadway Widening,* 63 Barb. 575; *In re William & Anthony Sts.,* 19 Wend. 694. The only ground upon which we can reconsider the action of the commissioners in this matter would be that of their having adopted an erroneous principle in determining what assessments should be made upon the appellant's property. It is claimed that there was a radical error in the proceedings of the commissioners in this respect; that they have increased the assessment upon the appellant's lots by so much as they were unable to assess upon lots of other parties by reason of such other lots not being assessable under the law up to the full measure of the benefit which they were to receive by the improvement. The facts which appear upon the record, and which give rise to this question as to the correctness of the principle of assessment adopted by the commissioners, are the following: In the preliminary esti-

mate made by the commissioners the assessment upon the appellant's lots was $3,898.16. Subsequently, and in the final report, the assessment was increased to $8,378.13. The commissioners, in their report, state that the reason for this increase was that certain other property which they had in their preliminary estimate assessed at a certain sum could not be lawfully assessed at the figures adopted, for the reason that by a provision of the consolidation act the assessment could not exceed one half of the assessed value for general taxation of those lots, and that necessitated a reduction of the assessment for this particular improvement of those other lots. The amount of the diminution of the assessment on the other lots than those of the defendant, thus necessitated by reason of the provision of law referred to, was charged over in part on the defendant's lots. The practical question arising, therefore, is, were the commissioners acting within their lawful authority when they thus increased the assessment upon the appellant's lots by adding to the preliminary estimate the proportionate amount of the deficiency not realizable from property, as to the assessment of which they were limited by the law referred to? It appears from the report of the commissioners that the assessment levied upon the appellant's lots has not been arbitrarily made; that, in their judgment, the benefit derived by the defendant's property from the improvement is equal to the amount of the burden cast upon it by the assessment, and is within one half of the assessed value; and therefore the question is reduced to the very simple one as to the power of the commissioners to levy the assessment in the manner pursued by them. This question arises, in the first place, as to the authority these commissioners possessed respecting the assessment. It would appear from section 994 of the consolidation act they had the right to determine whether the whole cost and expense of the improvement should be assessed upon the property deemed to be benefited, pursuant to section 970 of the act. They did determine that the whole expense should be borne by the property benefited. Section 970 provides that they shall make a just and equitable estimate and assessment of the loss and damage over and above the benefit and advantage, or the benefit and advantage over and above the loss and damage, as the case may be, to the respective owners entitled to or interested in the lands and premises taken for the street, and that, as to lands above Fifty-Ninth street, the commissioners may assess therefor all such lands and tenements as they may deem to be benefited by such improvement, to the extent and amount which they may deem such lands and tenements benefited thereby. By section 958 of the consolidation act it is provided that the commissioners may assess, for street opening, persons, lands, and tenements as they may deem to be benefited by such improvement, to the extent which said commissioners of estimate and assessment deem such persons, lands, and tenements so benefited thereby, provided that, as to the streets, avenues, or roads which shall be in the opinion of the said commissioners of estimate and assessment, or a majority of them, more than one mile in length, not more than one half of the amount awarded for damages and of the expenses attending such opening shall be so assessed; the amount of such damages and expenses not so assessed being thereby made a charge upon the city of New York, to be paid as thereinafter provided. Section 957 contains a provision to the same effect.

We think that the commissioners, under the provisions of the consolidation act, had the right to limit the area of assessment, and, as the contemplated improvement of the opening of Wendover avenue was less than a mile in length, to assess the whole cost and expense of the improvement upon the property benefited thereby, or, in other words, to make it what is called a "local assessment." This being so, the property benefited was called upon to bear the entire charge. No one piece could, of course, be burdened beyond the amount of benefit accruing, but it was within the competency of the commissioners to so distribute the total amount of cost as to realize that amount

from the property so benefited; and that is what they have done in this particular matter. The lands of the appellant are not called upon to contribute beyond the amount of the benefit, and what is called the inequality of that procedure in this assessment is not an inequality arising from anything else than the inhibition of the statute upon assessing other lands beyond one half of their value as assessed for general purposes of taxation. There is nothing unequal or unfair in that. It results from a positive statute. The commissioners were restrained by the express provision of law. They had reached the limit of their power to assess; but because they could not fix a higher rate upon one piece of property it did not necessarily prevent their charging a proportionate share of the whole improvement upon other property concededly benefited, to the extent to which it was assessed, and within the limitation of the law upon their power or right to assess. The contention of the appellant, stated in its own words, is that, inasmuch as the commissioners struck off from their preliminary estimate the assessment on lots beyond the extent to which they might go, of the half tax valuation of such lots, it was their duty to return the amount so stricken off on account of the half tax value as not assessable by them to the board of assessors, and that it was for the board of assessors to make up the deficiency pursuant to section 994 of the consolidation act; or, in other words, that the difference between the amount originally laid upon the lands other than the appellant's, and the amount to which the assessment of such other lands was reduced, should have been returned as a nonassessable amount; but we do not regard the section referred to as operating in this matter in the way claimed by the learned counsel for the appellant. What is required by that section is that the amounts upon property which cannot be assessed at all for the improvement are to be returned and provided for as therein enacted; but, where the whole amount of the assessment can be realized from property properly assessable, and within the limit of benefit to be derived, and where the determination of the commissioners is that the whole assessment shall be realized out of the property benefited, the section last referred to does not apply, and it was not the duty of the commissioners, in this particular case, to return the amounts referred to to the board of assessors, for them to realize in the way pointed out by section 994. The assessment, as levied, according to the report of the commissioners, was not in excess of the benefit to the property of the appellant, and the whole cost of the assessment was properly distributed, for the reason that the limitation of value to the one half of the taxable value is a legislative determination of what is an equitable and just amount to be levied upon property benefited by an improvement of this character, and it is sufficient that the commissioners adopted as a value that which the legislature has said was a proper criterion under such circumstances; and, inasmuch as no greater burden is imposed upon the appellant's property than benefit received by it, we think that the commissioners did not adopt an erroneous principle, and that we would not be justified, therefore, in doing otherwise than affirming the order of the court below, which confirmed their report.

Order affirmed, with $10 costs and disbursements.

O'BRIEN, J., concurs. VAN BRUNT, P. J., concurs in result.