---

(76 App. Div. 87.)

### In re GRANT AVE.

(Supreme Court, Appellate Division, First Department. November 21, 1902.)

1. SPECIAL ASSESSMENTS—PARTIALITY—APPEAL.

    Greater New York Charter, § 988, provides that, on appeal to the appellate division from the report of the commissioners of estimate and assessment, the appeal is to be heard on the merits. On such an appeal it appeared that, on proceedings to acquire land for opening a street, property owners north of a certain point were awarded only a small percentage more than owners of property south of that point, while they were compelled to pay nearly half as much more. There was nothing, either as to the situation of lots, greater advantage to one piece of land over another, resulting from the improvement, or greater value of one piece over another by reason of new avenues of approach, which would justify the disparity. *Held*, that the report should not be confirmed.

    Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Proceedings to open Grant avenue, in the city of New York. Appeal from order denying motion to confirm report of commissioners of estimate and assessment. 70 N. Y. Supp. 1045. Order affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John P. Dunn, for appellant.
James A. Deering, for respondent Rogers.
John C. Shaw, for other respondents.

PATTERSON, J. The court at special term denied a motion made by the city of New York to confirm the report of commissioners of estimate and assessment appointed in this matter, which is a proceeding to acquire lands for street purposes, and sent that report back for revision and correction. The decision of the special term

is placed upon the ground that "there has been such an unjust discrimination in the distribution of the cost of taking the land, and for the land damages involved, as shows that the commissioners have acted on erroneous principles." An examination of the papers submitted as the record herein abundantly justifies that conclusion. The proceeding was instituted to acquire lands for opening Grant avenue, from East 161st street to East 170th street, in the 23d ward of the city of New York. The commissioners filed a preliminary report, to which objections were taken by certain property owners, the respondents here. Those objections were heard by the commissioners, but they refused to change their report. The chief objection is that the assessment for benefit has not been fairly and equitably apportioned among all the owners of property benefited, in proportion to the benefit derived from the opening of the street. It is quite plain, upon the record, in the absence of any explanation, that an inequitable result follows from the action of the commissioners. It appears that property affected by the assessment north of 165th street has been assessed out of all proportion to the apparent benefit which accrues to it, and "to the great advantage of property south of 165th street." That is shown by a tabulated statement which was before the court below, and is part of the record. It appears that lands located south of 165th street are more valuable than those north of that street, and yet "the burden of expense of acquiring what the commissioners determined to be the most valuable land is put upon the owner of land much less valuable." That statement is fully sustained by the analysis made by Mr. Justice Lawrence at the special term. The effect of the action of the commissioners is that property owners north of 165th street are awarded only a small percentage more than owners of property south of that street receive, while they are compelled to pay nearly half as much more of the assessment than those owners of the southerly lots. There is not a word in the agreed statement, or in the evidence or in the report of the commissioners, showing conditions, either as to the situation of lots, greater advantage to one piece of land than to another, resulting from the improvement, or greater value of one piece over another by reason of new avenues of approach or access to particular lots or blocks, such as would justify this great disparity. It seems to be purely arbitrary, and on its face unjust or inequitable. Where there is no other element introduced, and nothing to require the application of a different rule, I have always understood the proper one to be that referred to by Mr. Justice Cullen, viz.:

"To assess the cost of the land taken for each block of the street upon the property fronting on that block, or, in other words, to make each block pay for the land taken from such block. This rule not only seems to me fair in principle, but has been the one adopted in every street opening that has come under my observation." In re Rogers Ave. (Sup.) 22 N. Y. Supp. 27.

Of course, it is not an invariable rule. Circumstances may require resort to a different one. But there is nothing to take this case out of it. Doubtless the assessment must be levied in proportion to the amount of benefit received from the whole work, but there must be something to indicate that one piece of property is benefited

more than another similarly situated, before it is charged with a higher assessment, and, until that is shown, the rule adverted to must prevail; otherwise the property owner is at the mercy of the commissioners, who may act ignorantly or capriciously or wantonly. Under section 988 of the Greater New York charter, appeals in proceedings of this character are to be heard by this court on the merits, both as to law and fact; and, on this record, we must hold that there was nothing to permit of the commissioners making the unequal and unjust assessments they have made on the respondents' property.

The order appealed from should be affirmed, with costs.

HATCH and INGRAHAM, JJ., concur. LAUGHLIN, J., concurs in result. VAN BRUNT, P. J., dissents.