### In re SPOFFORD AVE. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—METHOD OF ASSESSMENT.
    The general rule that the proper method of assessing the cost of taking land for street purposes is to assess the cost of each block taken on the property fronting thereon was not applicable where territory which before the new street was opened had no access and was benefited to a greater proportional extent than territory situated on an established improved and macadamized street 50 feet in width by the mere widening thereof, and each parcel should have been assessed the proportional share of the benefit sustained.

Appeal from Special Term.

Proceedings to acquire title to a portion of Spofford avenue, in the city of New York. From an order denying a motion to confirm the report of commissioners of estimate and assessment and remitting the report for revision and correction, the city appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Francis K. Pendleton, Corp. Counsel (Thomas C. Blake, of counsel, and John P. Dunn and John J. Kearney, on the brief), for appellant.

Henry J. Wehle (John H. Judge, on the brief), for respondent Empire Development Co.

Barclay E. V. McCarty (Jared G. Baldwin, Jr., and William H. Snowden, on the brief), for respondent Boehm.

CLARKE, J. This is an appeal by the city of New York from so much of an order of the Special Term confirming the final report of commissioners of estimate and assessment as to awards for land taken as denies the motion to confirm said report as to assessments for benefit and remitting the proceedings to the commissioners for revision and correction in respect to such assessments.

The object of the proceeding was to acquire the title to the real estate that now constitutes the bed of Spofford avenue, between Longwood avenue and the Bronx river, in the Twenty-Third ward in the borough of the Bronx in the city of New York.   On November 12, 1901, the commissioners of estimate and assessment filed their preliminary abstract of estimate and assessment.   By that preliminary abstract the cost of the proceeding was assessed upon the property deemed to be benefited thereby, and the commissioners assessed upon the property belonging to one of the respondents, Boehm, in that behalf the sum of $3,943.29.   Subsequently, on December 30, 1901, the prior resolutions of the board of street opening and improvement of the former city that had directed the assessment of the entire cost and expense of the proceeding to be placed upon the property deemed to be benefited thereby were amended by a resolution of the board of public improvements of the city of New York so as to impose 40 per centum of such cost and expense upon the city, and the remaining 60 per centum alone upon the property so benefited.   Before the commissioners, however, had revised their preliminary assessments in accordance with the resolution imposing 40 per cent. of the cost of the improvement upon the city, this court, in Matter of Grant Avenue, 76 App. Div. 87, 78 N. Y. Supp. 737, expressed the view that the proper method of assessing the cost of taking land for street purposes in this city is to assess the cost of each block upon the property fronting thereon.   The commissioners, deeming that they were governed by that rule in the proceeding at bar, recast their assessments so that, in lieu of assessing each parcel benefited in proportion to the benefit that it had actually received from the entire improvement, the cost of each separate block of land condemned in the proceeding was assessed upon the property alone that fronted thereon.   On February 10, 1906, the commissioners made such a supplemental and amended abstract of the estimate and assessment.   The result was that whereas by their original assessment Boehm's property had been assessed in the sum of $3,943.29, when the total cost of the improvement was to be assessed upon the property by the supplemental assessment, although the city was to bear 40 per cent. of the cost, Boehm's assessment, instead of being correspondingly reduced, was actually increased to $3,958.10.   The explanation of this anomalous result is that in the original abstract the cost of the entire street opening was assessed in proportion to the benefit deemed to have been received, while in the supplemental and amended abstract the rule in the Grant Avenue Case, supra, which had in the meantime been handed down, and was supposed to apply, was followed; that is, the cost of the improvement for each block was assessed back upon that block.

The method of procedure was described in the testimony of the computer for the commissioners, as follows:

"In the first place, it was necessary to ascertain how much money it was required to raise on each block in accordance with the rule laid down in Grant avenue and Townsend avenue decisions; * * * that is to say, taking the lot 25 by 100 feet, I would say that, in the first place, it was ascertained how much money would have been raised by assessment on each block, extending from the improvement to the limit of the area on each side of the street. * * * In the original report a uniform rate of assessment

was placed on each lot abutting on the improvement. * * * That uniform ratio or rate extended all the way from Tiffany street to the Bronx river, on both sides of the improvement. * * * After the decision in the Grant Avenue Case we ascertained the amount of money to be raised by assessment in each block. Starting now with Tiffany street, in the blocks from Tiffany street to Barretto street, the assessments on the lots abutting on the improvement between Tiffany street and Barretto street were increased 79.4 per cent. on both sides of the improvement. The assessments on abutting lots from Barretto street to Manida street were increased 87 per cent. From Manida street to Coster street the assessments were increased 40.8 per cent. on both sides of the improvement. From Coster street to Hunt's Point Road, the assessments were increased 30 per cent. By Hunt's Point Road I mean the new Hunt's Point Road. From New Hunt's Point Road to Whittier street, both streets, the assessments were increased 84 per cent., and from Whittier street to the Bronx river, on both sides, the assessments were reduced 9½ per cent. This improvement from Tiffany street up to the point where it is intersected by Hunt's Point Road is a widening of 50 feet, and beyond that point the opening is a solid opening for the entire distance to Bronx river. * * * The first thing we do in arriving at the amount of assessments we are to levy is to take the total of what I designated as the cost of the proceedings, and distribute that among the whole area abutting on the improvement, and divide it by the number of lineal feet on both sides; that makes in this case about $5 a lineal foot for the cost of the proceeding. Then, after this total cost has been distributed along the abutting property at $5 a lineal foot, which is the proportion as I understand it to be in this case, then I arrived at the amount to be assessed for benefit under the rule as I understand it as applicable to levying assessments by taking the respective blocks, and taking the total awards for property taken on both sides of those blocks and adding them together, and then that total as found by me is distributed on the blocks, including those awards, to the limit of the assessment in parallel lines."

Before and at the time of the condemnation of Spofford avenue between Longwood avenue and the Bronx river, as condemned in this proceeding, the entire territory embracing the land taken and the land assessed for benefit in this proceeding was intersected by an old highway known as Hunt's Point Road. The territory lying to the east of that intersecting highway was interior land to which there was no access. The territory situated on the westerly side of that highway, including the property of the respondents assessed for benefit herein, already fronted on a street that was opened, regulated, graded, and macadamized, 50 feet in width, and entirely adequate to the needs of the neighborhood. According to the testimony, the easterly territory was benefitted 100 per centum, the westerly to the extent merely of one-ninth of its former value. The result demonstrates that the commissioners misapplied the Grant Avenue Case, which it is evident they intended to follow, by failing to observe the qualifying language contained in that opinion. Mr. Justice Patterson said:

"Of course, it is not an invariable rule. Circumstances may require resort to a different one; but there is nothing to take this case out of it. Doubtless the r. sessment must be levied in proportion to the amount of benefit received from the whole work, but there must be something to indicate that one piece of property is benefited more than another similarly situated before it is charged with a higher assessment, and until that is shown, the rule adverted to must prevail, otherwise the property owner is at the mercy of the commissioners, who may act ignorantly or capriciously or wantonly."

The proceeding at bar presents the circumstances there referred to which require resort to a different rule. It is obvious that territory

which before the new street is open has no access is benefited to a greater proportional extent than territory situate on an established, improved, and macadamized street 50 feet in width by the mere widening thereof.

The order appealed from, remitting the report to the commissioners to the end that each parcel may be assessed the proportional share of the benefit sustained, without regard to the so-called block to block rule, is right, and should be affirmed, with costs and disbursements to the respondents.

Order affirmed, with $10 costs and disbursements. All concur.