(70 Misc. Rep. 276.)

### In re MT. OLIVET AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. December, 1910.)

1. STATUTES (§ 181*)—CONSTRUCTION.

> The court, in construing a statute, must avoid, if possible, a construction which will render the statute meaningless or absurd.

> [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 259, 263; Dec. Dig. § 181.*]

2. EMINENT DOMAIN (§ 233*)—ACQUISITION OF LAND FOR STREETS—COMMISSIONERS OF ESTIMATE AND ASSESSMENT—STATUTES—"UNDISPUTED TITLE."

> Under Greater New York Charter (Laws 1901, c. 466) § 978, as amended by Laws 1906, c. 658, § 6, requiring the commissioners of estimate and assessment in a street opening proceeding to give notice to the persons interested to present their claims, and requiring the commissioners to refer the taking of proof of title to property taken, where the same is undisputed, and proof as to any lien or incumbrance thereon, to their clerk or to the assistant corporation counsel in charge of the proceeding, an "undisputed title" is one which is not disputed before the commissioners by the presentment of adverse claims, and to create conflicting claims two or more persons must claim the same interest or right, and the interposition of a claim of lien or incumbrance does not raise a dispute as to the title; and the taking of proof as to any lien or incumbrance must be referred by the commissioners to their clerk or to the assistant corporation counsel, and where there is a dispute as to the ownership of a parcel of land the commissioners need only ascertain and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

report the value thereof and make an award to unknown owners, and the taking of proof of title is unnecessary.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 233.*

For other definitions, see Words and Phrases, vol. 8, p. 7165.]

3. EMINENT DOMAIN (§ 230*)—COMMISSIONERS OF ESTIMATE AND ASSESSMENT —COMPENSATION.

The commissioners of estimate and assessment in street opening proceeding under Greater New York charter are not entitled to fees for meetings had where nothing was done but to note defaults and grant adjournments.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 584; Dec. Dig. § 230.*]

Application by the City of New York for the reopening of Mt. Olivet Avenue, from Flushing Avenue to Metropolitan Avenue, Borough of Queens.  Motion to tax the fees of commissioners of estimate and assessment and the costs and expenses of the city in the proceeding.  Fees taxed at the amount certified by the Corporation Commission.

Archibald R. Watson, Corp. Counsel (Joel J. Squire and George E. Draper, of counsel), for City of New York.

William R. Keese, for commissioners.

Joseph R. Flannery (Benjamin Trapnell, of counsel), for property owners.

SCUDDER, J.  The corporation counsel has refused to certify that the commissioners are entitled to compensation for 16 meetings at which proof of title was taken, upon the ground that under section 978 of the charter it was the duty of the commissioners to refer the taking of such proof to the assistant corporation counsel, or the clerk of the commission.  Laws 1901, c. 466, § 978, as amended by Laws 1906, c. 658, § 6.  The provisions of the section to which the corporation counsel refers are as follows:

"Said commissioners shall refer the taking of proof of title of property taken in all cases where the same is undisputed, and likewise proof as to any lien or incumbrance thereon, or any demands against the same, to the clerk of said commissioners, or to the assistant corporation counsel in charge of the proceeding."

Upon the hearing of the motion, in opposition to the contention of the corporation counsel, it was argued that this statute is either meaningless or at the most only capable of an absurd construction; the gist of such argument being that, as the statute limits the reference of proof of title to cases where the title is undisputed, the commissioners would be obliged to take proof of all titles, in order to determine whether any of them were undisputed and should be referred to the assistant corporation counsel to take proof.

It is the duty of the court to avoid, if possible, the giving to a statute a construction which would render it meaningless or absurd; and it seems to me that such a construction is avoidable in the present case if an undisputed title, within the meaning of the statute, is regarded as one which is not disputed before the commissioners by the present-

ment of adverse or conflicting claims. To determine whether in this sense a title is undisputed, it is not necessary for the commissioners to take proof of title. By previous provisions of section 978 of the charter commissioners are required to give notice to persons or parties interested to present their claims or demands, duly verified, with such affidavits or other proof as they may desire, within 10 days after the date of such notice, and the hearing before the commissioners is not to take place until after the expiration of said 10 days. On or before the first hearing before the commissioners, therefore, they can examine the claims presented to ascertain whether or not any conflicting claims of title have been presented, and the taking of proof of title in all cases where there are no such conflicting claims should be referred to the clerk of the commissioners or to the assistant corporation counsel as required by the statute.

Of course, the fact that several persons or parties claim to have an interest in the same property does not necessarily make their claims conflicting. In order to create conflicting claims, as these words are here intended to mean, two or more persons must claim the same interest or right. The interposition of a claim of lien or incumbrance does not, therefore, raise a dispute as to title; and the statute under consideration expressly provides that the taking of proof as to any lien or incumbrance shall be referred by the commissioners to their clerk, or to the assistant corporation counsel.

It is to be borne in mind, in construing this statute, that where there is a dispute as to the ownership of a parcel of land it is the duty of the commissioners only to ascertain and report its value and to make an award to unknown owners. Charter, § 985; Matter of Commissioner of Public Works, 135 App. Div. 561, 568, 120 N. Y. Supp. 930. Where, therefore, the existence of a substantial dispute as to the title to any parcel of land has been brought to the commissioners' knowledge, the taking of proof of title is unnecessary and uncalled for.

In the present case I am of opinion that the commissioners should not have taken proof of title, but should have referred the taking thereof to their clerk or the assistant corporation counsel. I also concur with the corporation counsel in the disallowance to commissioners of fees for meetings at which nothing was done but to note defaults or grant adjournments.

Commissioners' fees taxed at the amount certified by the corporation counsel.