In re COMMISSIONER OF PUBLIC WORKS et al.

(Supreme Court, Appellate Division, First Department. January 19, 1912.)

EMINENT DOMAIN (§ 235*)—PROCEEDINGS—OBJECTIONS TO REPORT.

Greater New York Charter (Laws 1901, c. 466) §§ 981–984, inclusive, provides for the filing by the commissioners of estimate and assessment of preliminary abstracts, and for filing objections thereto, for final report by the commissioners after they have considered the objections, and for application to the court to confirm their final report. *Held*, that objections which should be considered by the commissioners in the first instance, in proceedings to acquire land for public use by the city, cannot be filed after they have filed their final report, at least until their report is returned to them pursuant to sections 986 and 988, respectively, authorizing the Supreme Court to return their report to them for revisal and correction, and providing for referring the report to the commissioners upon reversal by the Appellate Division of an order affirming it; the commissioners having no further duties to perform after their final report unless it is returned to them pursuant to such sections.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 235.*]

Appeal from Special Term, New York County.

In the matter of the application of the Commissioner of Public Works and others, relative to acquiring title to land between East 125th Street and First Avenue. From an order allowing objections to be filed to the report of the Commissioner of Estimate, an appeal was taken. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John J. Kearney, for appellant.

John C. Shaw, for respondent.

MILLER, J. This proceeding was instituted under chapter 147 of the Laws of 1894 as amended by chapter 664 of the Laws of 1897.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Commissioners were appointed January 8, 1896. In December, 1909, by an order of this court, the report of the commissioners was returned for amendment and correction. 135 App. Div. 561, 120 N. Y. Supp. 930. Pursuant to that order further hearings were had before the commissioners, and on May 1, 1911, they made an additional supplemental and amended second partial and separate report, which was duly filed and notice of filing was published in the City Record. The said notice stated that the commissioners would be in attendance at their offices on May 16th at 10:30 a. m., to hear objections and that, provided there were no objections, the report would be presented for confirmation on June 15, 1911. On October 4, 1911, the commissioners signed a final additional supplemental and amended, second partial and separate report, which was noticed for confirmation on October 23, 1911; actual notice being given the respondent's attorney. Thereupon the motion, resulting in the order appealed from, was made, allowing the respondent to file objections nunc pro tunc as of the date May 15, 1911. The excuse for the failure to file the objections in time is that a law clerk, whose duty it was to keep track of the notices in the City Record, failed to discover the notice of May 1st.

The procedure in this case is governed by the charter provisions relating to street openings. Sections 981 to 984, inclusive, of the charter provide, inter alia, for the filing by the commissioners of preliminary abstracts, for the filing with the commissioners of objections thereto, for the making of a final report by the commissioners after a consideration of the objections or in case none are filed, and for an application to the court to confirm the final report as therein provided. The commissioners have no further duty to perform after their final report is filed unless it is returned to them pursuant to sections 986 or 988 of the charter. They were therefore virtually functus officio. People ex rel. Mann v. Mott, 2 Hun, 672, affirmed 60 N. Y. 649.

While we do not question the power of the court to relieve a party of the consequences of a default in a proceeding like this, it seems plain that objections, which must be considered by the commissioners in the first instance, may not be filed after the commissioners have filed their final report, at least unless that report is returned to them. Moreover, we think that it is time that this proceeding be brought to a close. All of the objections which the respondent wishes to file, except the one relating to interest, were considered by this court on the former appeal, and the commissioners have evidently followed the opinion then written for their guidance.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.