## In re BLONDELL AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   January 13, 1914.)

1. MUNICIPAL CORPORATIONS (§ 469*)—OPENING STREET—METHOD OF ASSESSMENT.

Where, before the opening of a street, eight blocks long, from a railroad station to a subway station, part of its width was used for a street, though not legally opened, through the four blocks next to the railroad station, and the two blocks next to the subway station, but not through the remaining two blocks, each parcel should be assessed proportionately to the benefit received, disregarding the block by block rule.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1113–1117;  Dec. Dig. § 469.*]

2. EMINENT DOMAIN (§ 162*) — OPENING STREET — AWARD TO UNKNOWN OWNERS.

The award by the commissioners for taking, for the opening of a street, land held by a railroad under a grant conditional that it should be used only for railroad purposes, and otherwise should revert to the grantors, is, under Greater New York Charter (Laws 1901, c. 466) §§ 985, 1001, properly made to unknown owners, instead of the railroad.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 162.*]

3. MUNICIPAL CORPORATIONS (§ 425*)—OPENING STREET—ASSESSING RAILROAD PROPERTY.

For the opening of a street, land of a railroad, at the head of it, used as a station, and so benefited, is properly assessed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1031–1034;  Dec. Dig. § 425.*]

In the matter of Blondell Avenue in the City of New York.   On motion to confirm reports of commissioners.   Confirmed in part and in part remitted.

Archibald R. Watson, Corp. Counsel, and Edward F. Reynolds, Asst. Corp. Counsel, both of New York City, for the motion.

Frederick W. Hottenroth, Robert B. Alling, and Charles M. Sheafe, Jr., all of New York City, and Hugo Hirsh, of Brooklyn, opposed.

GIEGERICH, J.  [1] I am satisfied that this is a case where the application of the block by block rule of assessment for benefit works inequitably.   Originally the northerly portion of what is now the continuous street, Blondell avenue, was in use, although not legally opened, for a distance of about four blocks, leading northwardly to a station on the New York, New Haven & Hartford Railroad.   Through the northernmost block the street had a width of 50 feet, while through the three blocks to the south its width was 60 feet.   The southerly portion of the street was also in use, although not legally opened, for a distance of about two blocks, leading southwardly to Westchester avenue close to the contemplated subway station.   This southerly portion of the street had a width of 40 feet.   By this proceeding the bed of the two spurs referred to has been acquired and the street is opened through two intermediate blocks, thus making a continuous street from the railroad station on the New York, New Haven & Hartford Railroad to a point close to the subway station hereafter to be erected.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The north end of the street for a distance of one block nearest to the railroad station has also been widened from a width of 50 to 80 feet. The southerly end of the street, that nearest the subway station, for a distance of two blocks, has also been widened from the original width of 40 feet to the present width of 60 feet. The result of the application of the block by block method leads to an assessment of only a little more than 3 cents per square foot on some of the property, while other property, which before this proceeding had frontage on one of the existing spurs, has been assessed over 20 cents a square foot. It is manifest that the street has been widened at the two ends, not exclusively for the benefit of the owners abutting on the blocks where such widening has taken place, but to some extent for the benefit of the owners of the property in the intervening blocks, who will, by virtue of such widening, have the benefit of more convenient access to the stations in either direction. The facts seem to me to bring this case within the decision in Matter of City of New York (Spofford Ave.) 126 App. Div. 740, 111 N. Y. Supp. 334, where, under somewhat similar conditions, it was held that each parcel of land should be assessed proportionately to the benefit received, without regard to the block by block rule laid down with certain qualifications in Matter of Grant Ave., 76 App. Div. 87, 78 N. Y. Supp. 737.

[2] With regard to the complaint of the railroad company that the award for the taking of a portion of the property which they held under a grant conditioned that it should be used only for railroad purposes and otherwise should revert to the grantors was made to unknown owners, instead of to the railroad company, it seems clear, upon the authority of Matter of Commissioner of Public Works, 135 App. Div. 561, 568, 120 N. Y. Supp. 930, Matter of City of New York (Olivet Ave.) 70 Misc. Rep. 276, 278, 127 N. Y. Supp. 218, and Greater New York Charter, §§ 985, 1001, that the commissioners' course was the correct one. Neither can I see that there was any error in the principle followed by the commissioners in making this award as compared with the awards for the frontage of neighboring property owners.

[3] The railroad company also complains that no assessment for benefit should be laid upon the property remaining in its possession at the head of the improved street and upon which its railroad station is located. It is plain that the improvement of this street, giving improved access to the railroad station, increased the value of the ground for that use, and I can see no error in placing an assessment for benefit upon that parcel.

The report of the commissioners of estimate should be confirmed, but the matter should be remitted to the commissioner of assessment, in order that he may revise his assessments, so as to reach a result more equitable and in accordance with the benefits received by the respective owners.

Settle order on notice.