In re EAST 222d STREET IN CITY OF NEW YORK.    (No. 6025.)

(Supreme Court, Appellate Division, First Department.    July 10, 1914.)

Appeal from Special Term, New York County.

Proceeding to acquire the land necessary for the opening of East 222d Street in the City of New York. From an order confirming a supplemental and amended report of the Commissioners of Estimate and Assessment, Carolyn Foster Princesse Aymon de Faucigny Lucinge and others appeal. Affirmed.

See, also, 122 N. Y. Supp. 320.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

William Mitchell, of New York City, for appellants.
John J. Kearney, of New York City, for respondent.

PER CURIAM. Order affirmed, with costs.

McLAUGHLIN, J. (dissenting). This proceeding was instituted for the purpose of acquiring land necessary for the opening of East 222d street from the Bronx river to Seventh street in the borough of the Bronx, New York City. That portion of what is now East 222d street which extends from Second avenue to appellants' land was, prior to the institution of this proceeding, Eighth street. It was graded; 50 feet in width, with sidewalks, sewers, gas, and water mains; and, for the greater part of the frontage, improved with buildings from Second street to the westerly line of the appellants' property. By this proceeding this was widened to 100 feet, extended westerly to the Bronx river, easterly through the appellants' land, and ended some 200 feet beyond Corsa Lane.

The appellants are the owners of a large, unimproved tract of land known as the Stickney property, along which lies about one-third of the total frontage of 222d street as laid out in this proceeding. At the time the assessment here complained of was made, there were several roads or streets contiguous to this tract, some of which extend-

ed for some distance across it, and others led up to it; but 222d street, as laid out, was the only one to entirely intersect it.

The appellants claim, and after a careful examination of this record I think justly, that the commissioners adopted an erroneous principle of assessment, with the result that an unfair proportion of the cost of acquiring the necessary land to open this street is imposed upon their land. I think the commissioners should have applied the rule laid down in Matter of Grant Avenue, 76 App. Div. 87, 78 N. Y. Supp. 737, affirmed, 175 N. Y. 509, 67 N. E. 1083. This is what is known as the block to block rule. It is to assess the cost of the land taken for each block of the street upon the property fronting upon such block. This rule is to be applied unless the evidence before the commissioners requires the application of a different one. It is true the rule was not applied in Matter of Spofford Avenue, 126 App. Div. 740, 111 N. Y. Supp. 334, or in Matter of East 136th Street, 127 App. Div. 673, 111 N. Y. Supp. 916. But in each of those cases facts were shown which made it unjust to apply this rule. In the Spofford Avenue Case, it appeared that part of the land benefited by the street was interior land, to which there had been no access, and that the other land upon which a less assessment was imposed already fronted on a macadamized street. In Matter of East 136th Street, a street was extended one block in order to secure access to the East river, and it was held it would be unjust to impose the total cost of extending the street upon that block, inasmuch as several adjacent blocks would be benefited by the improvement.

In the present case there was nothing to justify the commissioners in departing from the general rule. It did not appear that by the opening of 222d street the appellants' property was benefited to a greater extent than that of the property owners to the west. The inferences are to the contrary. The appellants' property was not isolated or inaccessible. It was bounded on one side by Corsa Lane, and access to it could also be had by several streets. The property taken to widen Eighth street was much more valuable than that of the appellants', and for that reason, also, the block rule should have been applied. West 160th Street, 138 App. Div. 903, 123 N. Y. Supp. 1148.

The costs and expenses of this proceeding were $55,413.75. The commissioners used the lineal feet method of frontage on the street in determining the proportion each landowner should pay, and in doing so reached the conclusion the appellants should pay, of the total cost, $20,339.05 for the taking of damage parcels Nos. 61, 62, and 63. I think, under the facts here presented, this method should not have been adopted. The expenses should have been apportioned among the different landowners according to the time spent and expenses incurred in determining their respective damage. The commissioners could easily have ascertained this, and it seems to me the only fair way to apportion such a large expense.

For these reasons I dissent from an affirmance of the order and vote to reverse the same and send the matter back to the commissioners to proceed as indicated.

SCOTT, J., concurs.