(87 Misc. Rep. 635)

## In re SPUYTEN DUYVIL ROAD IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   November 30, 1914.)

1. MUNICIPAL CORPORATIONS    (§ 469*)—STREET IMPROVEMENTS—METHOD OF ASSESSMENT.

   The improvement consisting merely of the widening and straightening of an existing street, and being approximately uniform throughout its length, assessments are properly by the block by block method, though the land values differ greatly in different parts of the street.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1113–1117;  Dec. Dig. § 469.*]

2. MUNICIPAL CORPORATIONS  (§ 468*)—STREET IMPROVEMENTS—AREA OF ASSESSMENT.

   That the area selected to be assessed for a street improvement is of irregular and peculiar shape is not, of itself, enough to show error.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1112;  Dec. Dig. § 468.*]

3. MUNICIPAL CORPORATIONS  (§ 442*)—STREET IMPROVEMENTS—EXEMPTIONS—CONVEYANCES TO CITY—TIME.

   Conveyances to the city of land for improvement of a street are made in time to entitle the grantors to the exemptions from assessments granted by Greater New York Charter (Laws 1901, c. 466) § 992, being delivered to the corporation counsel before the appointment of commissioners in the proceeding, though he did not, till after such appointment, finish his examination thereof, and record them, and file them with the comptroller.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1062;  Dec. Dig. § 442.*]

4. MUNICIPAL CORPORATIONS  (§ 442*)—STREET IMPROVEMENTS—EXEMPTIONS—CONVEYANCES TO CITY—TITLE.

   Within Greater New York Charter, § 992, exempting from assessments for opening of a street "owners of land, and all the estate therein," within the street lines, if they convey it to the city, provided it "shall be free from incumbrances inconsistent with the title to be acquired by the city," it is immaterial that over part of the land conveyed was a former street easement.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1062;  Dec. Dig. § 442.*]

5. MUNICIPAL CORPORATIONS  (§ 407*)—STREET IMPROVEMENTS—ASSESSMENTS—EXEMPTION—POWER OF LEGISLATURE.

   Greater New York Charter, § 992, granting exemptions from assessments to those who convey land to the city for improvement of a street, is within the constitutional taxing powers of the Legislature, though it result in somewhat heavier assessments of the property of others.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1003, 1004;  Dec. Dig. § 407.*]

6. MUNICIPAL CORPORATIONS  (§ 469*)—STREET IMPROVEMENT—METHOD OF ASSESSMENT—BUILDINGS TAKEN.

   In a case where the block by block rule of assessment for widening and straightening a street is otherwise applicable, the cost of buildings taken in the proceeding is to be assessed on the blocks in which they stood.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1113–1117;  Dec. Dig. § 469.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

7. MUNICIPAL CORPORATIONS (§ 442*)—STREET IMPROVEMENTS—ASSESSMENTS—
   EXEMPTIONS—CONVEYANCES TO CITY—DESCRIPTION.
   Under Greater New York Charter, § 992, exempting from assessments
   for opening a street one who conveys his land within its lines to the city,
   land not within the specific description of the deed, from one point on
   the street to another thereon, cannot be considered, though the deed pro-
   vide, "It being the intention of the grantor to convey all land in said
   street" owned by the grantor.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
   1062; Dec. Dig. § 442.*]

8. EMINENT DOMAIN (§ 237*)—STREET IMPROVEMENTS—AWARD OF COMMIS-
   SIONERS—SETTING ASIDE.
   Objection that the commissioners, in a proceeding to widen and
   straighten a street, awarded only nominal damages for land within the
   bed of old streets, cannot be considered on motion to confirm their re-
   ports; no claim for greater damages having been made before the com-
   missioners.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–
   613; Dec. Dig. § 237.*]

In the matter of Spuyten Duyvil Road, in the City of New York, from West 230th street to West 242d street, etc. On motion to confirm the reports of the commissioners of estimate and assessment. Motion granted.

Frank L. Polk, Corp. Counsel, of New York City (Joel J. Squier and Frederick W. Gahrmann, both of New York City, of counsel), for the motion.

Philip B. La Roche, Jr., of New York City, for Eliza M. Ewen and Marie L. Ewen, property owners, opposed.

Banton Moore, of New York City, for Bowie Dash Realty Co. and Louise Dash, property owners, opposed.

GIEGERICH, J. [1] Objections are made by certain property owners to assessments for benefit in this proceeding on the ground that the "block by block" method was followed, but that another method ought to have been followed, which would result in relieving the objectors' property of a portion of the assessments for benefit and throw that portion upon certain other sections of the street, where, owing to the fact that the abutting owners ceded the land in the bed of the street under section 992 of the Greater New York Charter, the assessments for benefit were very light. Reliance is placed upon various Special Term decisions, among others Matter of Blondell Avenue, 150 N. Y. Supp. 403; but the present case differs from the cases relied upon, in that here no portion of the street in question is newly opened, but the improvement consists merely in widening and straightening the lines of a previously existing street. Consequently none of the abutting owners obtain street accommodation where none previously existed, but all obtain improved street accommodation. Moreover, that improvement seems to be approximately uniform throughout the length of the street. There is, therefore, no analogy between the case at bar and the cases so relied upon.

It seems to me that where the property of one owner, whose property already abuts upon a street, is taken to provide a street for an-

other owner, whose property theretofore had no frontage on a street, the situation is broadly distinguishable from that where all owners affected already have frontage upon a street, and additional strips of land are taken to widen that street and improve and straighten its lines. The making of an existing street wider and straighter is very much like opening an entirely new street, and, in the absence of exceptional features, justice will be done by charging to the property in each block the cost of acquiring the land in that block. If the land values along such a street are uniform, then nobody will be harmed, because the "block by block" method will work out just the same as would be the result if the entire damages were taken together as a single sum and assessed against the entire length of the street by a uniform front foot assessment.

On the other hand, where the land values differ greatly in different parts of a street newly opened, or an existing street that is widened, then if the "block by block" method is followed the blocks where the property is the most valuable will, of course, have to pay the heaviest assessments for benefit, and rightly so, because the more valuable the property is the greater it is benefited by a street improvement. It is in the cases where the land differs greatly in value along the length of the street affected that the owners of the valuable land seek to have the "block by block" method set aside, and to employ instead the method of taking the entire expense of the improvement and the entire length of the street as a single proposition, and make a single computation, resulting in a uniform front foot assessment, thereby throwing upon the cheaper property a part of the expense of the awards for the more valuable property. There are cases where this should be done (like the Blondell Avenue Case and similar cases), but I cannot discover in the present case any exceptional features which would require, or in fact justify, the departure from the ordinary "block by block" method followed in Matter of Grant Avenue, 76 App. Div. 89, 78 N. Y. Supp. 737, affirmed 175 N. Y. 509, 67 N. E. 1083, and Matter of Westchester Avenue, N. Y. Law Journal, December 7, 1910.

[2] The objecting owners also complain of the irregular and peculiar shape of the area selected to be assessed for benefit. The streets through the section in question are not laid out with regularity, and apparently cannot be because of the uneven surface of the ground; some of it being high and steep and other portions being swampy and cut by a deep tidal creek. The assessments for benefit do differ greatly in adjacent blocks, but so do the awards for benefit; the value of the property evidently changing greatly in a short distance. Doubtless the same exceptional topography of this section which led the board of estimate and apportionment to adopt such an irregular and peculiarly shaped area of assessment for benefit also led the commissioner of assessment to impose the assessments in the manner he has, and which at first glance appear strange and to call for explanation. There is nothing, however, upon which I can form an opinion that the commissioner even committed any error in judgment in laying the assessments as he did; still less any error of such a character as would warrant interference by the court.

[3] Objection is also made on behalf of the same property owners. to cessions made by owners that abutted upon certain portions of the street; the claim being made that the conveyances to the city under the provisions of section 992 of the Greater New York Charter were not made in time to secure for such owners the exemptions from assessments granted by that section. The facts are that the deeds were all made and delivered to the corporation counsel before the appointment of the commissioners in this proceeding; but the corporation counsel had not finished his examination of the conveyances and papers and of the title, and had not recorded the conveyances and filed them with the comptroller until after the commissioners were appointed. I am of the opinion that, as the owners had delivered such conveyances to the corporation counsel prior to the appointment of the commissioners herein, if the corporation counsel subsequently found upon examination that the title conveyed by them fulfilled the requirements of section 992, such grantors became entitled to the exemptions provided by that section.

[4] The objecting owners also make the argument that some portions of the parcels so ceded by abutting owners were already portions. of the bed of the old street formerly existing; but, as I understand it, it is not claimed that there were not also other portions ceded, which portions were not formerly within the lines of the old street, but were new pieces acquired to broaden and straighten the old street. The objecting owners take the position that, there being a pre-existing street easement, the abutting owners making such cessions ought not to be considered as "owners of the land and of all the estate therein embraced," within the meaning of section 992. I am of the opinion, however, that, taken in connection with the subsequent language of the section "providing the same shall be free from incumbrances inconsistent with the title to be acquired by the city," the words of the statute do not exclude from its benefits owners who thus conveyed to the city strips of land over which there was a former street easement.

[5] The argument is also made that the exemptions from assessments accorded by the statute to owners making such cessions to the city result in heavier assessments upon the property of the objectors. Assuming that the commissioner was right in following the "block by block" method in making the assessments, the injury to the objecting owners was very trifling, because most of the cessions were made in blocks in which they owned no property. But even if the result was to somewhat increase the burdens of the objecting owners, nevertheless it was within the constitutional taxing powers of the Legislature to enact the section in question. Matter of City of N. Y. (Tibbett Avenue) 162 App. Div. 398, 147 N. Y. Supp. 333; Matter of Newkirke Avenue, 146 N. Y. Supp. 216, and see Matter of City of N. Y. (Jerome Avenue) 192 N. Y. 459, 85 N. E. 755; People ex rel. Buffalo Burial Park Ass'n v. Stillwell, 190 N. Y. 284, 292, 83 N. E. 56; Matter of White Plains Presbyterian Church, 112 App. Div. 130, 98 N. Y. Supp. 63; Matter of Wendover Avenue, 20 N. Y. Supp. 563.[1]

1 Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 65 Hun, 625.

[6] Objection is also made because the commissioner of assessment imposed the whole cost of the buildings taken in the proceeding upon the blocks in which those buildings stood. It is argued that the cost of the buildings should have been distributed as a charge over all the blocks. If the question were a new one, I would be inclined to the view that the cost of buildings acquired should not ordinarily be assessed against the property in the block in which such buildings may happen to stand; but it has been held in this department (Matter of Grant Avenue and Matter of Townsend Avenue, N. Y. Law Journal, October 29, 1906), by the late Mr. Justice Bischoff, that the "block by block" rule applies whether the property taken be land alone or buildings upon land within the block; and it is also stated in the brief of the corporation counsel that in the Matter of Hemlock Street, 161 App. Div. 885, 145 N. Y. Supp. 1126, the Appellate Division of the Second Department without opinion affirmed an order confirming the report of commissioners of assessment where the cost of acquiring buildings was assessed according to the "block by block" rule, although the appellants contended that the report in that respect was erroneous. Matter of Tibbett Avenue, supra, relied upon by objecting owners as overruling Matter of Grant Avenue and Matter of Townsend Avenue, supra, and Matter of Hemlock Street, supra, cannot be construed as having that effect. The damages in that case were not for taking the houses, but for injury caused to houses that were left untouched, but were damaged by the intended regulation; that is by the new grade. The opinion in that case (162 App. Div. 402, 147 N. Y. Supp. 336) says:

"The so-called 'block by block' rule which appellants invoke is not generally deemed to be applicable to the assessment for damages resulting from an intended change of grade, for the reason that an equalized grade necessarily affects the value of the whole street, and not merely of the block with respect to which the damage occurs."

In view of the decisions above cited, I decline to interfere with the disposition made by the commissioner of assessment of the cost of the buildings taken. That cost was comparatively small anyway, and only a small part of it could be shifted upon the property that was exempted, perhaps not so much as the added cost of sending the matter back to the commissioners.

[7] Still another owner—the Bowie Dash Realty Company—raises an objection that the commissioner of assessment disregarded a cession deed made by it of certain parcels lying within the street lines. The fact is that the grantor made conveyance to the city by a specific description running from a designated point on such street to another designated point on the street. This specific description did not extend far enough along the length of the street to include all the land within the lines of the proposed street owned by the grantor. The deed contained the following declaration:

"It being the intention of the grantor to convey all land in said street and all the estate therein that it may own."

The company claims that it is entitled to exemption from assessment upon property owned by it abutting upon an additional portion of the street, which it in fact owned and which was intended to be em-

braced in the conveyance referred to. Upon this point I am of the opinion that there was no power under section 992 of the Greater New York Charter, above referred to, either in the commissioner of assessment or in the corporation counsel, to treat the deed as embracing anything more than was explicitly described in it by metes and bounds, and that there is no power in the court, as the matter is now presented in this proceeding, to so treat the deed.

[8] The owners of damage parcels Nos. 11 and 14 raise an objection to the award of only nominal damages for the bed of Mosholu avenue and Spuyten Duyvil road running through their property. The record fails to disclose any claim to any award for such parcels, which consist of land within the bed of old streets. In the preliminary report of the commissioners only nominal awards were made for these parcels, but no objection was ever made to the commissioners that the damages were inadequate, although extensive argument on other points was made before the commissioners by counsel who represented such owners on the hearing of objections. Since the objections now sought to be raised were not urged before the commissioners, I should not consider them. Matter of William & Anthony Streets, 19 Wend. 678, 695; Matter of Com'rs of Public Works, 148 App. Div. 644, 133 N. Y. Supp. 251; Matter of Taylor Street, etc., N. Y. Law Journal, December 2, 1909; Matter of East·227th Street and East 228th Street, 150 N. Y. Supp. 402.

I have examined all the objections raised, and cannot find in any of them any sufficient reason for disturbing the results arrived at by the commissioners.

The motion to confirm is granted. Settle order on notice.