### In re FOWLER ST. IN CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County.   April 30, 1915.)

1. MUNICIPAL CORPORATIONS ⬦➾428—PUBLIC IMPROVEMENTS—ASSESSMENT OF BENEFITS—BLOCK BY BLOCK RULE.

In a proceeding consolidating the opening and regulation of several otherwise disconnected streets, so as to give desirable property access to a creek, and the creek lands access to a business section, and incidentally to carry to tidewater a trunk sewer serving a distant section, the assessment for buildings taken was properly made by the block by block rule, without exception; such rule working no hardship, and not amounting to confiscation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1038, 1043;  Dec. Dig. ⬦➾428.]

2. MUNICIPAL CORPORATIONS ⬦➾428—PUBLIC IMPROVEMENTS—ASSESSMENT OF BENEFITS—METHODS.

In a proceeding for other than a common, continuous highway purpose, consolidating several otherwise disconnected streets, owners on one of the streets, while assessable for the estimated cost of regulating and grading that street, were not assessable for any of the cost of regulating and grading other streets consolidated in the proceeding, unless it appeared beyond all doubt that each owner on that street derived a proportionate benefit from the regulation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1038, 1043;  Dec. Dig. ⬦➾428.]

In the matter of Fowler Street in the City of New York.   On motions by the City of New York and by certain objectors for a reargument of the motion to confirm the report of the commissioners of estimate.   Motions denied.

⬦➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Philip B. La Roche, Jr., of New York City, for Park Terrace Co. and others.

John W. Weed, of New York City, for Eliza Macdonald.

Frank L. Polk, of New York City, for City of New York.

VAN SICLEN, J. The city and certain objectors on Colden avenue. move for a reargument of this motion to confirm the report of the commissioners of estimate. The opening and regulation of several otherwise disconnected or unconnected streets have been consolidated into one proceeding. By means of it some desirable property is given access over a devious route to the lowlands of Flushing creek and the lowlands are given access to the business part of Flushing. Incidentally, of course, a trunk sewer serving a distant section can now be carried to tidewater. The owners of the desirable property naturally object to paying either the cost of giving the lowlands access or the cost of the distant section's trunk sewer.

[1] The corporation counsel objects because I have stated that the general rule in this department as to assessments for buildings taken is the "block by block" rule. It must be admitted that this rule was applied to buildings taken in Re Hemlock Street, and that although on appeal to the Appellate Division objection was made by certain owners to the application of this rule as a general proposition, nevertheless the Special Term confirmed the report, and the Appellate Division of the Second Department in 161 App. Div. 885, 145 N. Y. Supp. 1126, affirmed the report without opinion. But the corporation counsel urges that another Special Term in this department in Avenue V has advocated a different rule. In the First Department, however, the "block by block" rule is followed by all the courts, and has always been in fact urged there by the corporation counsel as the proper rule. In fact, in Spuyten Duyvil Road, 87 Misc. Rep. 635, 150 N. Y. Supp. 405, it appears that the corporation counsel there argued before the Special Term, not only that the "block by block" was the proper and just rule to be applied in case of buildings taken, but also that it was the prevailing rule in the Second Department, and In re Hemlock Street, supra, was cited as authority for the contention, so that the cause of the chaos is easily found. Under the circumstances, it is all the more urgent that a controlling determination be had. Furthermore, this is a case where I believe the "block by block" rule should be followed as to buildings taken, and no exception should be made. Application of rule here works no hardship, nor amounts to confiscation. The city now argues, however, that the "block by block" rule as to assessments for buildings taken has been followed here and presents various figures and computations to substantiate it. If that proves to be the fact, let the commissioners so report, and it will be unnecessary to revise the assessments for the buildings taken.

[2] Several objecting owners on Colden avenue also move to reargue here, claiming their assessments for regulating include, not only the cost of regulating Colden avenue, but also a part, at least, of the cost of regulating some of the other streets consolidated therewith. The figures quoted seem to show that the Colden avenue owners were assessed for regulating and grading a sum in excess of the estimated

cost of regulating and grading Colden avenue. If this proves to be the fact, it should not stand. The owners on Colden avenue should not be assessed for any of the cost of regulating and grading other streets, even if they have been consolidated in one proceeding, unless it appears beyond all doubt that each Colden avenue owner so assessed has derived a proportionate benefit. As a general proposition, where otherwise disconnected or unconnected streets are consolidated in one proceeding, as here, for some other than a common continuous highway purpose, I do not think that owners on any one street should be assessed for the cost of regulating some of the other streets. If these objectors' contention is borne out by the facts, the commissioner should revise such assessments accordingly, and in either case he should show in his report, what the fact of the matter is; i. e., that the proper rule was applied originally, or that the assessments have been properly revised in accordance herewith.

Nothing further in the way of reargument seems to be necessary, therefore, and both applications are denied, without costs.