report on the ground that "corporations holding franchises and tangible property for the operation thereof have not been assessed for the benefit derived by them for their improvement." While the commissioners are authorized by section 980 of the Greater New York Charter to extend their estimate and assessment "to any and all such lands, tenements and hereditaments and premises as they may deem to be benefited by the improvement," they may not, under such authorization, assess the franchise of a corporation, for it has been held that "such franchise could not be the subject of assessment for benefit" (Matter of Com'rs of Public Parks, 47 Hun, 302, 304) ; and, as the Court of Appeals has said in People ex rel. Met. St. Ry. v. Tax Com'rs, 174 N. Y. 417, 439, 440, 67 N. E. 69, 74, 63 L. R. A. 884. "The new property is real estate in name, but not in reality, for it is a mere privilege to do something in public streets and places not permitted to citizens generally." Nor may they assess the tangible property used for the purposes of the franchise, for, so far as appears, "no tangible property was affected, except such as was situated in the public highways, and was so incidental to and dependent upon the special franchises as to have no substantial value unless used in connection with them," and "the value of either resides in the union of both, and can be practically ascertained only by treating them as a unit. Unless assessed together, both cannot be adequately assessed." People ex rel. Met. St. Ry. v. Tax Com'rs, 174 N. Y. 440, 441, 67 N. E. 69, 74, 63 L. R. A. 884. The further objection that the awards are grossly inadequate and insufficient to compensate certain owners of property, of which damage No. 7 is a part, is untenable here, for, though estimates of value furnished by the respective parties differed widely, error of principle does not appear to have been committed by the commissioners, whose report herein will therefore be confirmed.

---

(46 Misc. Rep. 525.)

### In re ANTHONY AVE.

(Supreme Court, Special Term, New York County. March, 1905.)

MUNICIPAL IMPROVEMENTS—WIDENING STREETS—ASSESSMENTS—LIABILITY OF PUBLIC SERVICE CORPORATION.

In proceedings to acquire land for the widening of an avenue in New York City, the right of street railway, electric light, telephone, or gas supply corporations to maintain their rails, wires, and pipes on such street being unaffected by the widening or narrowing of the street, and not being in any way increased in value because of the widening, such corporations are not subject to assessment for benefit because of such improvement under Greater New York Charter (Laws 1901, pp. 411, 415, 416, c. 466) §§ 980, 985, 986.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1050.]

In the matter of acquiring land for the purpose of widening Anthony avenue. Report returned to commissioners.

John J. Delany, Corp. Counsel (John P. Dunn, of counsel), for commissioners.

Reeves, Todd & Swain, for property owners.

Henry A. Robinson, for Union R. Co.
Adolph C. Hottenroth, for claimant.
W. Stebbins Smith, for objector, in pro. per.
Shearman & Sterling, for Northern Union Gas Co.
Beardsley & Hemmens, for New York Edison Co.

SCOTT, J. In this proceeding to acquire land necessary for the widening of Anthony avenue the commissioners of estimate and assessment have included in their assessment for benefit substantial sums for the supposed benefit to accrue from the improvement to the property of certain public service corporations, consisting of the easements of privileges under which, within the assessment area, the fixtures belonging to said corporations are affixed to the soil and operated for street surface railway, electric light, telephone, and gas supply purposes. The assessments are objected to as unauthorized. A similar question arose in the Matter of the Opening of East 133d Street (Sup.) 95 N. Y. Supp. 76, wherein it was held that such an assessment ought not to be laid. That decision would be decisive of the present application, so far as this court at Special Term is concerned, except that it is strenuously contended in behalf of the city that the facts are somewhat differently presented, and that certain considerations now urged were not urged or considered in the former case. It appears from the brief opinion rendered in the Matter of East 133d Street that the court was asked to uphold such an assessment upon the theory that either the corporation's franchise or its tangible property used in its business, or perhaps both, were the subject of assessment. It is now frankly conceded, as it must be under all the authorities, that what is known as the general franchise of a corporation—that is, its right to exist and do business as a corporation—cannot, under our statutes, be assessed for local improvements. It is also necessarily conceded by the city that the equipment, such as rails, wires, and pipes, by which the franchise is operated, considered separate and apart from the franchise itself, cannot be made the subject of assessment. Such equipment remains merely personal property, and, except as it may be used to operate the franchise, is practically valueless. People ex rel. Metropolitan St. R. Co. v. Tax Commissioners, 174 N. Y. 417, 67 N. E. 69, 63 L. R. A. 884. It is manifest, however, that a public service corporation, such as each of these here objecting to assessment, cannot carry on business merely because it has a general franchise and owns the necessary equipment. It must also enjoy the right to have its equipment maintained and supported in or upon the public highway—a right not necessarily involved in the general franchise to be a corporation. It is this right which has been classified by chapter 712, p. 1589, Laws 1899, and therein designated as a special franchise, and for the purposes of taxation under that statute is called real estate. This denomination, however, does not help in the consideration of the present question, for the application to this species of property of the name special franchise and its classification as real estate are merely arbitrary, and are controlling only in proceedings instituted under

the particular statute in which the terms are used. The right or property might have been called by any other name, and might equally well have been declared to be personal property or neutral property. 174 N. Y. 438, 67 N. E. 69, 63 L. R. A. 884. It becomes, therefore, necessary to consider, apart from any statutory definition, just what is the nature of the right to maintain wires, pipes, and tracks upon or under the public streets. In its general characteristics it is not unlike that interest in real property commonly known as an easement. It is the right to maintain over the property of another a privilege valuable to the possessor of the right, and which to some extent deprives the owner of the servient tenement of the absolute and uncontrolled use of his own property. People ex rel. Dunkirk & Fredonia R. R. Co. v. Cassity, 46 N. Y. 46; Matter of Albany & Bethlehem Turnpike, 94 App. Div. 509, 87 N. Y. Supp. 1104. It is not, of course, such an easement as is most commonly met with where there is a dominant estate to which it is appurtenant, but rather what is known as an easement in gross, or a servitude which is defined to be a right over the property of another, not appurtenant to any land, but simply belonging to its owner as an individual. Mayor v. Law, 125 N. Y. 380, 26 N. E. 471. Such an interest in the streets certainly is not personal property, but is in the nature of real property, for it is, in this state at least, inheritable, devisable, and, if conveyed, must be by grant. Mayor v. Law, supra. Under the several sections of the Greater New York Charter (Laws 1901, pp. 411, 415, 416, c. 466) relating to the opening and widening of streets the property liable to assessment for benefit is uniformly described as "lands, tenements, hereditaments and premises." Sections 980, 985, 986. These words are certainly sufficiently comprehensive to include the right or interest sought to be assessed in this proceeding. Nellis v. Munson, 108 N. Y. 453, 458, 15 N. E. 739. When so much is said, however, it still does not follow as a matter of course that the assessment can be sustained. It is not all property, even of the kind described by the statute, that is to be assessed, but only the property which is situated within the assessment area, and which is "deemed to be benefited" by the improvement. The fundamental principle which underlies an assessment for an improvement like the present is that the property assessed is to be directly benefited and enhanced in value by the improvement, so that the assessment will represent the difference between the value of the property before the improvement and its value after. It follows that no assessment can be lawfully made upon property not to be actually benefited by the improvement, and that an assessment obviously in excess of any possible enhancement in value cannot be upheld. Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. Of course, it is the duty and function of the commissioners to determine in the first instance whether a given piece of property will be enhanced in value, and, if so, to what extent; but their judgment in these respects is open to review by the court. Matter Commissioners Public Parks, 47 Hun, 302. In order to levy an assessment within the foregoing principles, it is of course necessary that the property to

be assessed shall be of such a nature that it is capable of actual enhancement in value in consequence of the improvement, and that it is possible to measure the extent of such enhancement with reasonable accuracy. And in estimating the value of the property before and after the improvement the commissioners must confine themselves to so much of the property as is included within the area of assessment. In other words, they must be able to find that the right to maintain the structures in the public streets within the area of assessment will be appreciably enhanced in value by a definite sum. In attempting to do this they may not consider to take into account the benefit to be gained by the corporation generally owing to the improvement. Mr. Justice Vann, writing for the Court of Appeals in People ex rel. Metropolitan St. R. Co. v. Tax Commissioners, supra, has very clearly pointed out the almost, if not quite, insuperable difficulties which would stand in the way of attempting to fairly assess, for purposes of taxation, by districts, property similar in its nature to that here sought to be assessed for local improvement. The particular improvement in the proceeding now under examination is the widening of a thoroughfare which has existed and has been in use for a considerable period of time. The lines of pipe, wire, and rails of the objecting corporations are merely parts or fractions of general systems, and by far the greatest value of the right to maintain these lines through this particular street is that in the case of each corporation the street constitutes a link in the chain going to make up the whole system. This right existed before the widening, and will continue to exist after the widening, and to precisely the same extent as before. If it be borne clearly in mind that the only property sought to be assessed is the intangible right to maintain the equipment in the street, it will readily be seen that this right is of precisely the same value whether the street be wide or narrow. Furthermore, it is, in my opinion, quite impracticable to fix a definite value, either before or after the improvement, upon this right or easement within the assessment area, and without taking into the account the supposed general benefit to accrue to the objecting corporations by reason of the improvement. For the reason, therefore, that the property sought to be assessed is from its very nature incapable of direct enhancement in value as a result of the improvement, and that its definite value, treated as a fraction of a general system, is not susceptible of anything approaching exact ascertainment, I am forced to the conclusion that it is not subject to assessment for benefit in this proceeding, and that the objection of the corporations affected must be sustained. The objection made by individual owners relating wholly to the amount of assessment do not appear to find justification in the record, and are overruled.

The report must be returned to the commissioners with instructions to strike out the assessments herein disallowed, and to redistribute the amount thereof upon the property properly subject to assessment.

Ordered accordingly.