(162 App. Div. 398)

In re TIBBETT AVE. IN CITY OF NEW YORK. (No. 5,710.)

(Supreme Court, Appellate Division, First Department. May 1, 1914.)

1. CONSTITUTIONAL LAW (§ 45*)—STATUTES—VALIDITY—RIGHT TO QUESTION.
    The provisions of Greater New York Charter (Laws 1901, c. 466) §§ 979, 980, empowering the commissioners of estimate and assessment to make an estimate and assessment of the damage which will accrue to buildings not taken to open a street in consequence of any regulation thereof, having been in force since 1816 and enforced in innumerable cases without the validity thereof having been questioned, will be adjudged valid, and the court will not consider in detail objections to their constitutionality.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 42; Dec. Dig. § 45.*]

2. EMINENT DOMAIN (§ 231*)—OPENING STREETS—ACQUISITION OF LAND—ASSESSMENTS—RESOLUTIONS OF BOARD OF ASSESSMENT AND APPORTIONMENT.
    A resolution of the board of estimate and apportionment in proceedings to acquire land for a street, which provides that the cost of the proceeding, including the awards for damage caused by the intended regulation of the street, shall be assessed on the property benefited, covers damages to buildings not taken but injured by intended regulations and is sufficiently specific within the statute.
    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 585–589; Dec. Dig. § 231.*]

3. MUNICIPAL CORPORATIONS (§ 511*)—LAYING OUT STREETS—ASSESSMENTS—VALIDITY.
    An assessment for damages to buildings not taken for a street resulting from an intended change of grade, made on the theory that each linear foot in the street was equally benefited, will not be disturbed in the absence of a clear showing that there has been an abuse by the commissioner of assessment of discretion or a palpable wrong has been done.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1183, 1184; Dec. Dig. § 511.*]

4. MUNICIPAL CORPORATIONS (§ 442*)—OPENING STREETS—AWARD OF DAMAGES TO BUILDINGS NOT TAKEN—ASSESSMENTS.
    Under Greater New York Charter (Laws 1901, c. 466) § 980, directing the commissioners of estimate and assessment to ascertain the compensation which ought to be made for the lands taken and to assess on the city any part not exceeding one-third of the estimated value of the buildings taken, and section 992, providing that after the making and acceptance of conveyances for a street no proceedings to open the lands so conveyed shall be taken, nor shall the lands fronting on that portion of the street so conveyed be chargeable with any portion of the expense of opening any

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

portion of the residue "except the due and fair proportion of the awards that may be made for buildings as aforesaid," when considered in the light of the history of the legislation on the subject, owners, ceding lands to a city for a street, are not liable to assessment for any part of the damages awarded for prospective injuries to buildings not taken resulting from a proposed change of grade of the street; the words "buildings as aforesaid" in the quoted clause of section 992 referring only to buildings actually taken.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1062; Dec. Dig. § 442.*]

Appeal from Special Term, New York County.

Application of the City of New York for the acquisition of title to lands, tenements, and hereditaments for the opening and extending of Tibbett Avenue and Corlear Avenue. From an order affirming the report of the Commissioner of Assessment, the parties aggrieved appeal. Reversed, and matter referred back to Commissioner of Assessment for redistribution and assessment of the awards.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Banton Moore, of New York City, for appellant Louisa Dash.

Albert W. Putnam, of New York City, for appellants Margaret E. Putnam and Albert W. Putnam, Executors.

L. Howell La Motte, of New York City, for respondent.

SCOTT, J. This proceeding includes the acquisition of the land required for opening two parallel and adjacent streets, known as Tibbett avenue and Corlear avenue, from West 230th street to West 240th street. The appellants were owners of lands lying in the beds of the proposed streets, and also of lands abutting thereon on either side and within the assessment area which extended 100 feet from each exterior line of each street. They ceded to the city, under the provisions of section 992 of the Greater New York Charter, so much of their lands as lay within the lines of the proposed streets, and the question raised by this appeal is whether their remaining lands within the limits of the assessment area are liable to assessment for any part of the damages awarded for prospective injury to buildings not taken, resulting from the proposed regulation of the new streets which amounts in effect to a change of grade. The authority for making such awards is found in sections 979 and 980 of the charter, which, so far as applicable, read as follows:

"Sec. 979. * * * The said commissioners, before the completion of their estimate * * * may obtain from the city of New York a profile or plan, if they shall deem the same useful, showing the intended regulation of the street, or part of a street, with regard to the opening of which they have been appointed, as to the elevation or depression thereof, after the same shall be opened, extended, enlarged, straightened, altered, or otherwise improved, as the case may be; and also profiles or plans, if they shall deem the same useful, showing the intended regulation of the adjacent street or streets, as to the elevation or depression thereof, after such improvement. * * *

"Sec. 980. * * * If the said commissioners of estimate * * * shall judge that any intended regulation will injure any building or buildings not required to be taken for the purpose of opening, extending, enlarging, straight-

ening, altering, or improving such street or part of a street, they shall proceed to make, together with the other estimates and assessments required by law to be made by them, a just and equitable estimate and assessment of the loss and damage which will accrue, by and in consequence of such intended regulation, to the respective owners, lessees, parties and persons, respectively, entitled unto or interested in the said building or buildings so to be injured by the said intended regulation; and the sums or estimates of compensation and recompense for such loss and damage shall be included by the said commissioners in their report and included" in whole or in part "in the assessment for benefit," provided the board of estimate and apportionment so specifically direct.

[1] The appellants contend that these provisions are unconstitutional, and various ingenious arguments are made to support this contention. We do not consider it necessary to consider them in detail at this late day. This same provision has been on the statute books since 1816, the first act being chapter 160 of the laws of that year, afterwards incorporated in the Consolidation Act (Laws 1882, c. 410, § 978), and later re-enacted as sections 979 and 980 of the Greater New York Charter (Laws 1897, c. 378). It has been considered, construed, and enforced in innumerable reported cases, and its validity on constitutional grounds has never been questioned in any of them. The cases upon which appellants chiefly rely (People ex rel. Janes v. Dickey, 206 N. Y. 581, 100 N. E. 462; People ex rel. City of New York v. Stillings, 134 App. Div. 480, 119 N. Y. Supp. 298) arose under a different statute and turned upon the construction of that statute.

[2] It is also objected that the board of estimate and apportionment did not "specifically direct" that the damages to the buildings not taken should be included in the assessment for benefit. We think that the board did so direct. Its resolution provided that the whole cost and expense of the proceeding, including "the awards, if any, for damage caused by the intended regulation," should be assessed upon the property deemed to be benefited thereby. This clearly covered the damages to buildings not taken, but injured by the intended regulation, and was sufficiently specific to satisfy the requirement of the statute.

[3] A further objection is made to the manner in which the assessment for damages to buildings not taken has been distributed. The property remaining to the appellants lies at the northerly end of the proposed improvement and is said to be low and marshy and much cut up by a winding brook. The houses for which damages have been awarded lie along the southerly part of the proposed improvement upon high land. The commissioner of assessment testified that in distributing the amount he took the total number of linear feet of each street as opened in the proceeding, and divided this into the total amount of damages to buildings not taken, resulting from the intended change of grade, and charged the same amount to each linear foot in each street. The appellants claim that this assessment was thus laid upon an erroneous principle, and that it should have been distributed upon what is known as the "block to block" rule by which the land abutting upon the street in each block is assessed for the damages awarded with respect to the land taken and the damage

done within the lines of that block. The so-called "block to block" rule which appellants invoke is not generally deemed to be applicable to the assessment for damages resulting from an intended change of grade, for the reason that an equalized grade necessarily affects the value of the whole street, and not merely of the block with respect to which the damage occurs. As to whether each linear foot in each street was equally benefited the record affords us no opportunity to judge. The discretion to distribute the assessment is vested in the commissioner of assessment, and unless it is shown clearly that there has been some abuse of his discretion, or that a palpable wrong has been wrought, or that there is a manifest error, the court should not interfere. Matter of Brook Avenue, 8 App. Div. 294, 40 N. Y. Supp. 949.

[4] The really serious objection which the appellants raise to the assessment is that under the provisions of the charter, properly construed, their land is not liable to assessment for prospective damages to buildings not taken. As has been said, the appellants ceded to the city their lands lying within the limits of the proposed improvement, and their cession was accepted by the city. The consequences of such a cession are thus stated in section 992 of the charter:

"After the making and acceptance of such conveyances, no proceedings to open the lands so conveyed shall be taken or maintained, nor shall the lands fronting on that portion of the streets so conveyed, and extending to the center of the block on either side of such portion of said street so conveyed, be chargeable with any portion of the expense of opening the residue or any portion of the residue of such street, except the due and fair proportion of the awards that may be made for buildings as aforesaid."

It is conceded that the entire sum assessed upon appellants' remaining lands is for damages awarded for buildings not taken, but deemed to be injured by the intended regulation or change of grade. The question is whether such damages are properly included among the "awards that may be made for buildings as aforesaid." To determine what buildings are meant by the words "as aforesaid," reference must be made to section 980, since that is the first section prior to 992 in which buildings are referred to with reference to assessments. In that section there are three references to buildings. The first directs the commissioners of estimate to ascertain the compensation which ought to be made "for the lands, tenements, hereditaments and premises so required for the improvement." The second authorizes the commissioner of assessment to assess upon the city of New York any part not exceeding one-third of the estimated value of the buildings "taken in the proceeding." Both of these provisions evidently relate to buildings taken in the proceeding and have no reference to buildings not taken but deemed to be damaged by the intended change of grade. These are the subject of the third reference to buildings contained in section 980. The attempt to justify the assessment of lands belonging to owners who have made cession to the city is based upon the supposed reference to both classes of buildings by the words "as aforesaid" in section 992. The language of that section considered by itself does not compel such a construction. It provides that notwithstanding a cession the cessors', remaining land may be

assessed "for awards that may be made *for* buildings," which is a perfectly appropriate expression if confined to buildings taken for the improvement. If it had been intended to include damages to buildings not taken, it would have been more exact to speak of awards for damages *to* buildings, as well as those *for* buildings.

The history of the legislation upon the subject lends much force to the contention of the appellants upon this point. As is well understood, the Greater New York Charter was intended to be, in a large part, a revision and re-enactment of the Consolidation Act of 1882, and, in so far as it was a re-enactment, was intended to be construed not as a new act, but as a continuation of the old. This was clearly expressed in section 1608 of the charter as follows:

"So far as the provisions of this act are the same in terms or in substance and effect as the provisions of the said consolidation act, or of other acts of the Legislature now in force relating to or affecting the municipal and public corporations, or any of them herein united and consolidated, this act is intended to be not a new enactment, but a continuation of the said consolidation act of eighteen hundred and eighty-two, and said other acts, and is intended to apply the provisions thereof as herein modified to the city of New York as herein constituted, and this act shall accordingly be so construed and applied."

Section 992 of the charter in which the words "as aforesaid" occur was section 971 of the Consolidation Act, and these words as contained in the latter section could not have applied to prospective damages to buildings not taken, because the provision for the award of such damages was contained in a subsequent section (978). The obvious and only possible reference to buildings implied in the words "as aforesaid," as contained in section 971 of the Consolidation Act, was to buildings actually taken which were provided for in the preceding section (970). The confusion has arisen from the fact that, in drafting the charter, sections 970 and 978 of the Consolidation Act, in somewhat amended form, were consolidated into one section of the charter (980). We have therefore the following situation: Long before the adoption of the Greater New York Charter in 1897, the Legislature had adopted the exact language of exemption to persons ceding property that appears in the statute to-day. This language of exemption had appeared for years in section 971 of the Consolidation Act, and the provisions authorizing change of grade damages had appeared in section 978, so that the words "as aforesaid" in section 971 could not have referred to section 978. The words "except the due and fair proportion of the awards that may be made for buildings as aforesaid" had therefore been on the statute books for a long period, during which the words "for buildings as aforesaid" could have meant only buildings actually taken, and could not, by any construction, have been held to include damages for change of grade.

In view of the history of the legislation, of the rule of construction laid down in section 1608 of the charter, quoted above, and of the failure to use in section 992 precisely exact words to cover an assessment for damages *to* a building not taken in the proceeding, we are of opinion that there is no legislative warrant for assessing upon the property remaining to owners who have made cessions under section 992 of the charter, any part of the damages awarded to buildings not

taken, but injured by the intended change of grade. All of these damages in a case like the present must be assessed upon property within the assessment area belonging to owners who have not made cessions to the city.

The order appealed from must therefore be reversed, with $10 costs and disbursements to the appellants, and the matter referred back to the commissioner of assessment for a redistribution and assessment of the awards. All concur.