### In re HEBBERD AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County.   December 7, 1914.)

MUNICIPAL CORPORATIONS (§ 442*)—STREET OPENINGS—ASSESSMENT OF BENE-
FITS—AGREEMENTS BY CITY.

   Greater New York Charter (Laws 1901, c. 466), § 994, as amended by Laws 1906, c. 658, providing, relative to street openings, etc., that it shall be lawful for the city to agree with the owner of land that will be bene-fited by, or required for the purpose of, the intended improvement, for the assessment of such lands, and for the compensation to be made, and the allowance to be paid by such owner, over and above the value of the lands required of him for the improvement, justifies an agreement be-tween the city and a landowner, who concurrently therewith ceded cer-tain land to the city, that the remaining land of such owner, lying on both sides of a proposed street and extending to the center line of the block, should be exempt from assessments for benefits, except the proportionate share of awards for buildings taken or for damages to buildings affected and the proportionate share of expenses incurred to the date thereof.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1062; Dec. Dig. § 442.*]

Proceeding by the City of New York to open Hebberd Avenue, from Flushing Avenue to Fresh Pond Road, in the Borough of Queens.   On motion to confirm reports of commissioners of estimate and commis-sioner of assessment.   Objections of Henry Doht overruled, motion by Aron Altman to amend one of the reports denied, and motion to con-firm granted.

Frank L. Polk, Corp. Counsel, of New York City (Walter C. Shep-pard and John George McCarthy, both of Long Island City, of coun-sel), for the motion.

Rawdon W. Kellogg, of Jamaica, and Theodore I. Schwartzman, of Brooklyn, opposed.

GARRETSON, J.   The objections of Henry Doht to the assess-ments for benefit upon the lands owned by him arise under and are to be determined by the language and effect of his agreement with the city, made by the corporation counsel in its behalf, concurrently with the said owner's deeds, ceding certain damage parcels to the city, after the appointment of commissioners in this proceeding.   This agreement was entered into, pursuant to the provisions of section 994 of the Greater New York Charter, as amended by chapter 658 of the Laws of 1906.   The section is broad enough in its terms to admit of the pro-priety and legality of the stipulations set forth in the agreement, which must therefore be deemed in all respects binding and conclusive upon the parties thereto.   But for the cession and the agreement, the assess-ments for benefit would properly include all of the lands within the assessment area, and none of such assessments would be dependent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the frontage of the lands upon the avenue. No objection having been made to the assessment area as fixed, it is assumed to have been fairly and legally determined, as indeed it appears to be. By the agreement:

"The remaining land of the said party of the first part [Doht] lying on both sides of Hebberd avenue, and fronting on the land to be conveyed to the city of New York by the party of the first part pursuant to this stipulation, and extending to the center line of the block, shall be exempt from any and all charges or assessments for benefit, in the above-entitled proceeding, except its proportionate share of any and all awards that may be made for the taking of buildings acquired, or awards for damages to buildings affected in and by the said proceeding, and its proportionate share of the expenses incurred in said proceeding to date, amounting to the sum of one hundred and twenty-eight $^{77}/_{100}$ ($128.77) dollars, which latter sum the said party of the first part hereby stipulates and agrees to pay to the city of New York."

Of the objector's lands within the assessment area, only that part thereof is exempted by the agreement which fronts upon the land ceded by him "extending to the center line of the block"; that is, extending to such center line, and of an uniform width throughout, corresponding to such frontage. In the determination of the assessment areas, the commissioners have followed this method, made necessary in the matter of the subdivisions, by the terms of the agreement, and I think rightly and unavoidably so.

Assessment lot 12, which includes assessment lots 15, 36, 36b, 37, 37a, and 39, and each of the included lots, is therefore properly plotted and indicated upon the assessment map, and such lots in combination are properly assessed and charged with the agreed proportionate share of the expenses of the proceeding, and also with $59.72, the proportionate share of the "awards for damages to buildings affected," or resulting thereto from the intended regulation of the avenue.

Assessment lots 12a and 36a are chargeable with and properly assessed for the proportionate share of each in the whole expenses of the proceedings, inasmuch as they represent the remainder of the lands of the objector Doht within the area of assessment not fronting on the land ceded by him. There being no objection to the amounts of the assessment as computed and fixed, they are assumed to have been proportionately distributed and made chargeable to such lots respectively.

The case cited by the counsel for the objector Doht (In re Tibbett Avenue, 162 App. Div. 398, 147 N. Y. Supp. 333) is deemed not to be applicable to the questions raised by him hereon. In that case the cession was made under section 992 of the Charter, as amended, and before the appointment of commissioners. It seems, also, that to reach the conclusion arrived at the court had occasion to construe certain sections of the Consolidation Act (Laws 1882, c. 410) incorporated in the Charter, in connection with the effect of Charter, § 1608. It may also be said that the land ceded in the Tibbett Avenue Case was located in the former city of New York, and that the lands involved in this proceeding are situated in the borough of Queens, to which last-named territory the Consolidation Act of 1882, as it existed prior to the enactment of the Greater New York Charter, had no application.

It follows that the objections of the owner Henry Doht should be overruled.

Aron Altman, claiming to be entitled to the awards made in form to "unknown owner" for damage parcels Nos. 8 and 10 (block 42), asks that the commissioners' report be amended, by inserting his name therein as the owner of such awards, respectively. I have examined the minutes of the testimony produced before the commissioners, and fail to find competent legal evidence of such ownership by this claimant.

The claimant Altman's motion is therefore denied, but without prejudice to a proper proceeding, to be hereafter had, to establish title to the awards. The supplemental and amended reports of the commissioners of estimate and of the commissioner of assessment are confirmed.

Settle order on two days' notice.