In re FOWLER ST. IN CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County.  March 2, 1915.)

1. MUNICIPAL CORPORATIONS ⬅431—STREET IMPROVEMENTS—MODE OF ASSESSMENT.

The assessment of property of an owner on S. street, who had ceded to the city all his title to the bed of the street, for the taking of buildings on B. street, running at right angles to S. street, which had been combined in one proceeding to provide a continuous route for a trunk sewer intended to serve a distant territory, was unauthorized; the rule being to assess the cost of buildings acquired by the "block by block" rule—that is, by assessing the property in the block in which such buildings are taken.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1041; Dec. Dig. ⬅431.]

2. MUNICIPAL CORPORATIONS ⬅432—STREET IMPROVEMENTS—ASSESSMENTS—METHOD.

Owners of land located on the eastern end of an avenue included in a proceeding for a trunk sewer route, which had been in use to a width of 60 feet in the central and eastern parts and to a width of 50 feet in the western part, but widened throughout to 60 feet, in doing which parts of buildings were taken and others were damaged, were properly assessed for the cost of the widening, the taking, and the damage, under the rule of distributing the assessment throughout the whole street, on the ground that a uniform regulation inures to the benefit of all owners.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1042; Dec. Dig. ⬅432.]

3. MUNICIPAL CORPORATIONS ⬅442—STREET IMPROVEMENTS—STIPULATION OF OWNERS—"AFFECTED."

In such proceeding the fact that the owners, pursuant to City Charter (Laws 1901, c. 466) § 994, had ceded to the city their title to the fee in the street for a nominal award by stipulation providing that the owner's remaining property was to be exempt from all assessments, except its share of the awards for building acquired or damage to buildings affected by the proceeding, were not exempt from assessments for damages on account of the regulation of the street, since "affected" referred to damages because of the intended regulation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1062; Dec. Dig. ⬅442.

For other definitions, see Words and Phrases, First and Second Series, Affect.]

In the Matter of Fowler Street in the City of New York.  On application to confirm the final report of the commissioner of assessments, over the objections of certain owners.  Report remitted for revision.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Philip B. La Roche, Jr., of New York City, for Park Terrace Co. and others.

John W. Weed, of New York City, for Eliza Macdonald.

Frank L. Polk, for City of New York.

VAN SICLEN, J.   [1] Upon this application to confirm the final report of the commissioner of assessment several objections are made. The first objection is made by Eliza Macdonald, because her property on Saull street is made to bear a share of the awards for buildings taken to open Blossom street, which joins Saull street at right angles.   The owner ceded to the city before the commencement of the proceeding all the land that she owned in the bed of Saull street.   The general rule ·in both the First and Second departments seems to be that for land or buildings taken the "block by block" rule should be applied; that is, the cost of buildings acquired should be assessed against the property in the block in which such buildings are taken.   Matter of Grant Avenue, 76 App. Div. 87, 78 N. Y. Supp. 737;  Matter of Hemlock Street, 161 App. Div. 885, 145 N. Y. Supp. 1126.   Of course, the fundamental principle is that the cost should be assessed where the benefit is gained, and the "block by block" rule ordinarily acomplishes this result.   Matter of Anthony Avenue, 46 Misc. Rep. 528, 95 N. Y. Supp. 77.   It may be that in an exceptional case the commissioner would be warranted in distributing the charge for buildings taken over the whole street, but that does not appear to be so here.   There has been, apparently, no reason for combining Saull and Blossom streets and the other streets herein in one proceeding, except to provide a continuous route for a trunk sewer intended to serve a distant territory. So that undoubtedly much of the property affected by this proceeding is burdened greatly in excess of the benefit derived, and other property to be benefited by the sewer bears no share of this expense.   However this may be, the area of assessment has been fixed by the board of estimate, and I do not understand that this court has any power to change it now or at any other stage in the proceeding.

[2]  The other objectors are located on the eastern end of Colden avenue, also made a part of this proceeding for the trunk sewer route. All these objectors ceded what they owned of the fee in the street for a nominal award, pursuant to a stipulation entered into by the city under section 994 of the City Charter.   Colden avenue has been in use throughout its entire length for many years, to a width of 60 feet in the central and eastern portions and 50 feet in the western portion.   By this proceeding the fifty-foot portion is widened to 60, and in so doing portions of a number of buildings are taken, others are damaged by intended regulation, and the 10 feet of land necessary acquired.   The commissioner appears to have distributed the cost of all three items throughout the entire street.   As previously mentioned, the general rule applicable to the cost of land or buildings taken is to the contrary; i. e., the "block by block" rule.   In re Spofford Avenue, 126 App. Div. 740, 111 N. Y. Supp. 334, authorizes a variation of the general rule in a proper case, but there have been no reasons advanced for violating the rule in this case.   The general rule applicable to damages for intended regulation is to distribute the same throughout the whole street,

because it can be readily seen that a uniform regulation inures to the benefit of all owners. In re Tibbett Ave., 162 App. Div. 398, 147 N. Y. Supp. 333. So that the commissioner has applied the correct rule in this respect.

[3] The objectors claim, however, that under their stipulation of cession their remaining property was to be exempt from all assessment except its share of the awards for buildings "acquired" or "damage to buildings affected in and by the proceeding," and that damages on account of intended regulation are not contemplated thereby. Buildings can be affected in and by the proceeding only by way of a taking or an intended regulation, so that "affected," if it has any meaning at all, must refer to damages because of intended regulation, and therefore these objectors are not exempt from assessment for their share of awards for damage to buildings by reason of intended regulation.

It seems that justice is more uniformly subserved by adhering to the generally accepted methods and rules, and in the case of proceedings more or less iniquitous, as this one seems to be, an extra effort should be made to distribute the burden as fair and equally as possible.

The report of the commissioner of assessment is remitted for revision in accordance herewith.