In the Matter of the Appeal of WESTCHESTER LIGHTING COMPANY against the Apportionment by the Sewer Commissioners of the Hartsdale Sewer District in the Town of Greenburgh, Westchester County, New York, in the Year 1923.

SEWER COMMISSIONERS OF THE HARTSDALE SEWER DISTRICT, Appellants; WESTCHESTER LIGHTING COMPANY, Respondent.

Second Department, January 28, 1927.

Taxation — special franchise of lighting company not taxable for maintenance of sewer district — Town Law, § 243, provides that assessment shall be on land within district in proportion, as nearly as may be, to benefit which each lot or parcel will derive therefrom — lighting company owns no real property within district — even though special franchise comes within definition of " land " in Tax Law, § 2, subd. 6, Town Law, § 243, prevents assessment — Laws of 1916, chap. 105, relating to taxation in Westchester county, is not inconsistent with Town Law, and is construed to authorize apportioning of special franchise assessment only where tax may be lawfully levied.

The special franchise of a lighting company, which owns no property within a sewer district, is not subject to assessment for the maintenance of the sewers, for section 243 of the Town Law specifically provides that the amount necessary for the maintenance of sewers within a sewer district shall be assessed " on the lands within their district, in proportion, as nearly as may be, to the benefit

which each lot or parcel will derive therefrom." A special franchise of a lighting company can derive no benefit from the sewer.

Even though the special franchise comes within the definition of the word "land," under subdivision 6 of section 2 of the Tax Law, still section 243 of the Town Law prohibits assessment against the special franchise for the purpose of maintaining the sewers.

Chapter 105 of the Laws of 1916, relating to taxation in Westchester county and providing for the apportionment among the several tax districts within the towns of the assessment for special franchises, is not inconsistent with the Town Law and cannot prevail, for it must be construed to mean that an apportionment can only be made against a special franchise in cases where the tax might be lawfully levied under the provisions of the statute permitting such levy, and since section 243 of the Town Law does not permit an assessment against a special franchise, chapter 105 of the Laws of 1916 has no application.

Furthermore, section 243 of the Town Law has been amended since chapter 105 of the Laws of 1916 took effect, and the Legislature retained the language quoted, which indicates that it considered the provisions of the Town Law not to be inconsistent with the provisions of chapter 105 of the Laws of 1916.

APPEAL by the Sewer Commissioners of the Hartsdale Sewer District from an order of the County Court of the county of Westchester, entered in the office of the clerk of said county on the 17th day of March, 1926, vacating, canceling and annulling the apportionment or assessment of taxes made by the Sewer Commissioners of said Hartsdale Sewer District for the year 1923 against the Westchester Lighting Company.

By stipulation of attorneys similar proceedings taken for the years 1922, 1924 and 1925 are to be governed and controlled by the decision on appeal in this case.

*Joseph L. Glover,* for the appellants.

*Ashley T. Cole* for the respondent.

YOUNG, J. The Westchester Lighting Company appealed, pursuant to sections 238 and 243 of the Town Law, to the County Court of Westchester county from the assessment made by the sewer commissioners of the Hartsdale sewer district upon its special franchise and the tax levied against it for the maintenance of sewers therein for the year 1923. This appeal was presented to the County Court upon an agreed statement of facts. So far as they bear upon the question involved, these facts are quite simple and are in substance as follows:

The respondent is a domestic public utility corporation operating in the Hartsdale sewer district. It owns no land, and its only property in that district is its special franchise comprising gas mains, poles, wires and appurtenances in the public streets and highways within the district, and its right and authority to construct, maintain and operate the same therein. The gas mains

are used by the respondent to distribute gas, and the poles, wires and appurtenances, to distribute electric current to consumers thereof in the district. The State Tax Commission fixed the equalized value of the special franchises of the respondent in the town of Greenburgh and the assessors of the town apportioned the same among certain school districts and the said sewer district, and the amount so apportioned to said sewer district was $21,000. The sewer commissioners entered such apportionment upon their assessment rolls as an assessment of special franchises against the respondent. Said commissioners presented to the town board an estimate of the amount of money required to meet the expense of maintaining the sewer system, which was approved by said board. This assessment was not for the construction of any new sewer in the district, but was for the expense of maintaining sewers already constructed and the sewer system of the district. The commissioners gave notice of the assessment against the respondent pursuant to the provisions of the Town Law and the respondent filed objections thereto, but the commissioners did not correct or cancel the assessment, but the assessment and apportionment were completed and filed with the clerk and a tax was levied thereon by the board of supervisors of Westchester county. The respondent appealed to the County Court, and from its order vacating and canceling the assessment and tax, this appeal is taken.

The question involved is a rather novel one, and its solution depends upon the construction to be given to section 243 of the Town Law (as amd. by Laws of 1910, chap. 134, and Laws of 1921, chap. 144) which provides in substance that after the sewer system is constructed, it shall be maintained by the commissioners, and the cost of such maintenance shall be a charge on the sewer district. It further provides that in July of each year the commissioners shall present to the town board an estimate of the amount of money required to meet the expenses of maintaining the sewer system for the ensuing year; that the town board shall pass upon such estimate and approve, or correct and approve, the same, and that the sewer commissioners shall thereupon assess the amount of the estimate as so approved and corrected " *on the lands within their district, in proportion, as nearly as may be, to the benefit which each lot or parcel will derive therefrom.*"

The clause above quoted from section 243 is rather curious language to apply to the levy of a tax for the maintenance of sewers already constructed and the sewer system. Of course, ordinarily, such expense is met in cities and I think in villages by including it in the annual tax levy, and each taxpayer, irrespective of any special benefit derived from the sewers, has to pay his portion of

this expense as a part of his annual taxes. It is a familiar principle that assessments for local improvements, such as sewers, sidewalks, street paving and the like cannot be assessed against a public utility corporation which cannot derive any benefit therefrom. (*Matter of Anthony Avenue,* 46 Misc. 525; affd., *sub nom. Matter of Mayor, etc.,* 124 App. Div. 940; *Matter of Long Island R. R. Co.* v. *Hylan,* 240 N. Y. 199.) Statutes relating to these local improvements usually contain language similar to that contained in section 243 (*supra*), that the assessment shall be made in proportion to benefits derived by the respective parcels of land in the area or district of assessment.

There are no cases presenting the precise point involved in this appeal; but I do not see how the language of section 243, above quoted, can be ignored. If this language had been omitted and the statute simply provided that the expense of maintaining the sewers and the sewer system should be assessed and levied with the annual tax, this question would not be presented here. But the Legislature has seen fit to apply the same rule of assessment to the expense of maintaining sewers as that usually applied to the cost of such improvements and, as the respondent clearly can derive no benefit from these sewers, I am unable to see how it can be legally taxed therefor, when the statute plainly requires that this assessment and taxation shall be upon the lands within the district in proportion to the benefit derived therefrom.

The appellants contend that the special franchises and property of respondent are comprehended within the definition of " land " contained in the Tax Law (§ 2, subd. 6, as renum. from subd. 3 by Laws of 1916, chap. 323). It is true that that definition is sufficiently broad to include such special franchises and property, but only for the purpose of taxation under that law, and not for the purpose of assessment for local improvements. (*Matter of Anthony Avenue, supra.*) But, even if they were deemed " lands " for the latter purpose, they could not be lands which derived any benefit from the improvement within the language of section 243 of the Town Law.

At the time of the assessment in question the Westchester County Tax Law (Laws of 1916, chap. 105) provided in substance for the apportionment by the town assessors of the assessment made by the State Tax Commission for special franchises, among the several tax districts within the town, according to the provisions of the statute in relation thereto, and to enter such apportioned valuations upon the assessment rolls of the several tax districts (§ 13); that, after the lawful authorities in each tax district have fixed the amount of taxes to be raised for such district, they shall certify the amount

of the tax to the supervisor, who shall extend it against each person and property in each tax district, extending the State, county, town and special district tax and assessments in one of the two copies of the assessment rolls delivered to him by the board of assessors, etc. (§ 14.)* Appellants contend that these provisions are inconsistent with those contained in the Town Law, and that the inconsistent provisions of the latter law have been repealed by section 58 of the Westchester County Tax Law, which provides generally, that all acts or parts of acts inconsistent with its provisions are repealed.

I do not think that this argument is of any avail to the appellants because, in the first place, I do not see that there is necessarily anything inconsistent between the two statutes. It is .true that the Westchester County Tax Law provided for apportionment of the special franchise tax assessments and the levying of a tax thereon in each of the tax districts. Of course, this can be only construed to authorize the apportioning of such assessments and levying of such tax as might be lawfully done under the provisions of the statutes permitting such levy, and the statute in question (Town Law, § 243, as amd. *supra*) would not permit the levying of any tax upon the special franchise assessment of the respondent for sewer maintenance. Furthermore, it should be observed that the Westchester County Tax Law was enacted in 1916, but that, since such enactment, and in 1921, the Legislature amended section 243 of the Town Law (*supra*) by adding a provision not material to the question involved, but retaining the same language relating to the assessment for benefits contained in the statute as existent prior thereto under the amendment which had been enacted in 1910. The Legislature could not, therefore, have considered this provision of the Town Law inconsistent with the provisions of the Westchester County Tax Law, and to have been, therefore, repealed.

The order of the County Court of Westchester county should be affirmed, without costs.

Present — KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ.

Order of the County Court of Westchester county, vacating, canceling and annulling apportionment or assessment of taxes, unanimously affirmed, without costs.

---

* Since amd. by Laws of 1925, chap. 308.— [REP.