In re WEST 160TH ST. IN CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. May 20, 1910.) Appeal from Special Term, New York County. In the matter of the application of the city of New York to acquire title to lands required for the opening and extension of West 160th Street. From so much of an order of the Special Term, affirming the report of commissioners of estimate and assessment, as confirms certain assessments for benefits, the City Real Estate Company appeals. Affirmed. See, also, 122 N. Y. Supp. 1149. John Whalen, for appellant. Archibald R. Watson, Corp. Counsel (Joel J. Squier, of counsel, and John J. Kearney, on the brief), for respondent.

CLARKE, J. The proceeding was instituted to acquire title to a strip of land 60 feet wide, extending from Broadway to Ft. Washington avenue, the length of such strip along the center line of the street being approximately 225 feet, and of a strip of land extending from Ft. Washington avenue to Riverside avenue, which strip along the center line is 625 feet. The entire cost was, by resolution of the board of estimate and apportionment, to be assessed upon the property deemed benefited. In the block between Broadway and Ft. Washington avenue the title to the land to be acquired is in two owners; the parcels being divided by a diagonal line running from northwest to southeast. Prior to the acquisition of title, the lot, of which damage parcel No. 2 forms a part, had a length along this diagonal line, extending from Broadway in a northwesterly direction to Ft. Washington avenue, of about 236 feet. The line referred to formed the northerly line of the plot owned by the City Real Estate Company, the appellant. By reason of this proceeding the property of the appellant acquires a frontage on the new street of about 213 feet 8 inches. A right-angle corner is made at Broadway, and an additional corner given at Ft. Washington avenue. The commissioners have made an award in the sum of $52,384.42, exclusive of interest, for damage parcel No. 2, the property acquired from the appellant. The assessment for benefit against the remaining land owned by appellant was $45,776.87. The total awards and interest in the whole proceeding amount to $246,142.31 and the total assessments for benefit are $250,774.70. The area of assessment which the commissioners adopted extended eastwardly to a point 100 feet east of Edgecomb avenue and westerly to a point 100 feet west of Riverside Drive. Considerable land, therefore,

which did not abut on the newly acquired street, was deemed to be benefited by the commissioners, and is included in their area of assessments. If the commissioners had confined their area of assessment to the land directly abutting on West 160th street, as it was acquired, the assessment against the land of the appellant would have been much greater. It would not be just or equitable to place an onerous assessment on the land fronting on 160th street east of Broadway. The lots in this section already had a frontage on a street 60 feet wide, regulated, graded, paved, and the abutting land well improved. These lots have already borne their assessments for the acquisition of the property for this street and for various local improvements. The only benefit they receive is the continuation of the street upon which they fronted to Riverside Drive. For this benefit a reasonable assessment was laid. More than that would have been inequitable. Comparing the northern piece of property on the block, opposite appellant's property, we find the award was $49,236, while the assessment was $52,259; that is, said property had to pay $3,000 for the street and contribute land, while appellant receives $6,607.55 more than it is assessed and has in addition the street and new corner lots. In view of the fact that the property which lies between Ft. Washington avenue and Broadway is much more valuable than that between Ft. Washington avenue and Riverside Drive, it is apparent that it would be a gross injustice to make the cheaper land pay for the dearer land, which would be the case if part of the assessment for benefit should be taken from the land to the east and added to that west of Ft. Washington avenue. We think that in this case the broad principle of payment block by block, modified, as it has been, by making the adjacent land pay for the benefit received, leads to an equitable and just result. We find no error in this record, and the order appealed from should be affirmed, with costs and disbursements to respondent. All concur.

