In the Matter of the Application of the CITY OF NEW YORK,
Relative to Acquiring Title, etc., for the Opening and
Extending of St. Raymond Avenue (Fourth Street) between
Hoguet Avenue and Williamsbridge Road, etc.

THE CITY OF NEW YORK, Appellant; JOHN H. NICHOLS and
Others, Respondents.

First Department, December 15, 1916.

Municipal corporation — city of New York — acquisition of lands for
new street — block to block system of assessment not always equita-
ble — power of court upon review of assessments.

The general rule that where lands for a new street are to be acquired
they may in each block be assessed the entire amount awarded for land
acquired in that block, thus requiring the lands in each block to bear
the cost of acquiring land for the street in that block, is not equitable
in all cases and has often been disapproved.

Evidence examined, and *held*, that said block to block system of assess-
ment should not have been applied, because it was inequitable under
the circumstances.

The court cannot control the judgment of a commissioner of assessment
with respect to the amount or proportion of benefit.  It can only
require him to proceed according to the statutory requirement and to
assess the total amount required to be assessed by local assessments upon
the several parcels within the area of assessments, in proportion to the
benefits derived by them respectively, and to assess the parcels of the
several owners in proportion to the benefits derived by their respective
parcels considered with all other parcels within the area of assessment.

APPEAL by the City of New York from part of an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of Bronx on the 11th day
of October, 1915, denying its motion to confirm the report of the
commissioner of assessment herein and returning the said report
as to assessments for benefit to a new commissioner.

*John J. Kearney* [*Joel J. Squier* with him on the brief], for
the appellant.

*Benjamin Trapnell,* for the respondents John H. Nichols
and others.

*Thomas W. Henry,* for the respondents William M. Fleisch-
man and others.

LAUGHLIN, J.:

On the 21st day of March, 1912, a resolution was duly adopted by the board of estimate and apportionment amending a resolution theretofore adopted on the 26th day of February, 1909, for acquiring title to St. Raymond avenue, between Hoguet avenue and Williamsbridge road, formerly Main street of the village of Westchester, in the borough of The Bronx, and defining the area of assessment for benefit, which area is bounded approximately by a line midway between St. Raymond avenue and the next adjacent street or avenue on either side, extended across Hoguet avenue and embracing the lands fronting thereon on the westerly side thereof at the westerly end of St. Raymond avenue to the depth of 100 feet and likewise extending northeasterly across Williamsbridge road, and embracing the lands abutting thereon on the northeasterly side thereof, and on St. Raymond avenue, theretofore open to the northeasterly of Williamsbridge road, to the depth of upwards of 100 feet. The proceeding was in part to acquire the title to lands for an entirely new street, 60 feet in width, and in part to acquire title to lands to widen the then existing St. Raymond avenue, Fourth street and Third street to the width of 60 feet. From Hoguet avenue easterly to Castle Hill avenue, a distance of about 1,000 feet, there was no existing street; but from Castle Hill avenue northeasterly to Zerega avenue there was an existing street known as St. Raymond avenue, substantially of the width of 50 feet; and from Zerega avenue northeasterly to Overing avenue, formerly Washington avenue, Fourth street existed, of the width of about 50 feet; and from Overing avenue northeasterly to Walker avenue, formerly West Farms road, Third street existed, of the width of about 50 feet. The distance from Castle Hill avenue to Walker avenue was about 2,200 feet, and in each block of that distance some land for the widening was acquired on either side, and for the most part of about the same width on either side; but from Walker avenue to Williamsbridge road, a distance of about 200 feet, there was no existing street. Walker avenue and Williamsbridge road at the northeasterly end of St. Raymond avenue, as thus to be laid out, approached each other southeasterly, and they intersected a few hundred feet southeasterly

520 Matter of City of New York (St. Raymond Ave.).

First Department, December, 1916.		[Vol. 175.

of St. Raymond avenue, as thus laid out between them, leaving a triangular block of land bounding less than 200 feet on the new avenue. Doubtless owing to the fact that the avenue for part of the distance in the main followed the line of existing streets, and that it was, therefore, impracticable to continue it in straight lines, it jogged to the southeast for about the width of the avenue, between Zerega avenue and St. Peters avenue, and to the northwest about the same distance between St. Peters avenue and Overing avenue, and to the northwest about the same distance from Overing avenue to Williamsbridge road.

Under the resolution adopted by the board of estimate and apportionment the entire cost and expenses were directed to be assessed on the property within the area of benefit in proportion to the benefit derived by each parcel assessed.

The report of the commissioners of estimate, of which the commissioner of assessment was one, and the report of the commissioner of assessment were signed on the 31st day of March, 1915. On the 11th day of October, 1915, both reports were presented to the Special Term for confirmation. The report of the commissioners of estimate was in all respects confirmed; but the court sustained objections duly filed to the assessments against benefit parcels Nos. 361, 362, 363, 355, 356, 357, 358 and 353, and ordered that the report of the commissioner of assessment be returned to another commissioner with directions to make a new report as to assessments for benefit in accordance with the opinion of the court. The commissioner of assessment, evidently pending the action of the commissioners of estimate, made and on the 11th day of May, 1914, deposited in the bureau of street openings of the law department of the city for inspection his preliminary abstract of assessments for benefit. In the preliminary abstract he assessed the sum of $148,638.46, and imposed $9,524.97 thereof against the city, leaving the sum of $139,113.49 assessed locally. Objections to the preliminary report of assessments were duly filed by the respondents and others.

The eight parcels owned by the respondents are all in the area of assessment between Walker avenue and Williamsbridge road.

In the final report of assessments for benefit the commissioner reduced the amount of all assessments in the area of

assessment between Walker avenue and Williamsbridge road nineteen and seventy-eight one-hundredths per cent, and all other assessments three and twenty-eight one-hundredths per cent, leaving the total of the amount of the local assessments $130,569.13, which is the total amount of the awards, with interest, to the date of the report of the commissioners of estimate, plus the total costs and expenses of the proceeding as duly taxed on the 20th day of November, 1914, less the sum of $9,616.63, which was assessed against the city pursuant to the provision of section 980 of the Greater New York charter,* which authorized the commissioner to assess against the city not to exceed one-third of the awards for buildings on the land acquired.

At the time that the preliminary report of the commissioner of assessment was prepared, and so deposited, the costs and expenses of the proceeding had not been definitely determined by taxation thereof, and evidently the amount of the awards had not been definitely determined; and, consequently, the preliminary report of assessments included a surplus of $8,544.36 over the amount actually required as finally determined, which it is stated in the points of the attorney for some of the respondents, was included for new and increased awards and future expenses, and this is not controverted in the reply points for the city. It appears, however, that the only revision of the assessments made by the commissioner on the objections interposed by the respondent to his preliminary report was the reduction of the assessments to the amount required to be raised by local assessment by the final action of the commissioners of estimate.

It is fairly to be inferred that the assessments in the preliminary report assessed the awards made for lands acquired in each block by the block to block system, so called, and that in that report the estimated cost and expenses of the proceeding were assessed *pro rata* on all parcels within the area of assessment. The learned justice who presided at Special Term was of opinion that this was not a proper case for the application of that rule of assessment, and that by the adoption of that rule

---

* See Laws of 1901, chap. 466, § 980, as amd. by Laws of 1909, chap. 394. Repealed by Laws of 1915, chap. 606. See Greater N. Y. Charter, § 1010, as added by Laws of 1915, chap. 606.— [REP.

and the subsequent arbitrary reduction of the assessments by one percentage applied to the assessments of lands between Walker avenue and Williamsbridge road, and a materially different percentage applied to all other parcels, it appeared that the commissioner adopted an erroneous rule of assessment.

. Ordinarily where lands for a new street are to be acquired it has been deemed entirely equitable to assess the lands in each block the entire amount awarded for land acquired in that block, thus requiring the lands in each block to bear the cost of acquiring land for the street in that block (*Matter of Grant Avenue*, 76 App. Div. 87. See, also, *Matter of City of New York* [*West 160th Street*] 138 App. Div. 903; *Matter of City of New York* [*Clinton Ave.*], 106 id. 31); but it was recognized in *Matter of Grant Avenue* (*supra*) that it would not be equitable to apply that rule in all cases; and the courts have often disapproved a rule of assessment by the block to block system, or according to frontage, where the application thereof manifestly would not be equitable or just. (*Matter of City of New York* [*Spofford Avenue*], 126 App. Div. 740. See, also, *Matter of City of New York* [*Pugsley Avenue*], 218 N. Y. 234; *Matter of Blondell Avenue*, N. Y. L. J., Jan. 13, 1914; *Matter of Nostrand Avenue*, Id. Dec. 17, 1904.) Manifestly the block to block rule would be equitable and just where the blocks are substantially of the same width and new corner lots are created and interior land is given a new frontage, and in other cases doubtless it would be just and equitable to apply the block to block rule in part. In the case at bar, however, we have an entirely new street at either end, and the widening of existing streets between, and the new street affected by the proceeding commences at a street running at right angles thereto and extends a distance of about three-fifths of a mile, and there connects with wide, important business streets, and joins an avenue of the same name and continues on to the northeast for a considerable distance. It is claimed, and not contro-verted, that Williamsbridge road and Walker avenue are important, improved thoroughfares, and that Walker avenue is of the width of 100 feet and has an electric street car line, and Williamsbridge road is of the width of 90 feet, but it is to be widened to the width of 100 feet, and that at the point in

question they were in the improved part of the old village of Williamsbridge. It is fairly to be inferred from the awards made that the land taken to continue this avenue through the narrow, triangular block between Walker avenue and Williamsbridge road was deemed by the commissioners to be several times more valuable than most of the other lands acquired in the proceeding. The length of the new avenue through this triangular block is only 207.56 feet on the southeasterly side and a few feet more on the northeasterly side. The narrowness of this block shows that the lands abutting on either side of the new avenue between Walker avenue and Williamsbridge road would not be benefited to the extent that interior lands are ordinarily benefited by acquiring a new frontage, for the block is not of sufficient depth ordinarily to warrant the laying out of interior lots with new frontages, and, therefore, the *principal* benefit to the lands abutting on the new avenue between Walker avenue and Williamsbridge road must arise from the creation of new corner lots or rest upon the theory that it will be more advantageous to plot them into lots fronting on the new avenue than into lots on Walker avenue and Williamsbridge road.

It appears that the total awards for lands and improvements acquired in that block, together with interest thereon as computed by the commissioners was $24,944.96. The awards for improvements are not separated; but it is stated in the points for the city that two-thirds of the awards for improvements on lands in this block, which is the amount to be raised by local assessment, is $1,190, and this is not controverted. The awards for lands and improvements in this block involved in the assessment were, therefore, $23,754.96. The benefit parcels in this block were originally assessed $23,638.99, and in the final assessment the total amount assessed on the same parcels is $18,961.19.

The respondents Fleischman *et al.* owned a parcel having a frontage on Walker avenue of 252 feet and extending through to Williamsbridge road, having a frontage of 282 feet thereon. A triangular strip of this parcel having a frontage of 19.26 feet on Williamsbridge road and extending southwesterly 160 feet, but not through to Walker avenue, and containing

2,246.50 square feet, was acquired in this proceeding, and an award of $5,344.40 was made therefor. The remaining part of this parcel of land is known as benefit parcel No. 353. Its boundary on the new avenue is 142.30 feet, and it is separated therefrom at the intersection of the new avenue with Walker avenue by a triangular parcel having a frontage of 8.13 feet on Walker avenue and extending northeasterly along the new avenue 45.08 feet. In the preliminary report it was assessed $10,709.17, and in the final report it is assessed $8,567.04.

In view of what has been stated with respect to the improbability of there being any considerable benefit to this parcel from the new frontage, and in view of the fact that it is given only one new corner lot, it would seem that both the preliminary assessment and the revised assessment with respect to this parcel were excessive and unjust, for it already had all the frontage required by the depth of the land and full access to both Walker avenue and Williamsbridge road. These assessments were, we think, the result of the application of the block to block rule. That rule should not have been applied in assessing the lands in this block, for manifestly they are not so situated that they should bear the entire awards for opening the avenue through that block. This was recognized by the commissioner in his final revision; but he used the erroneous preliminary report as the basis of his final report, and made *arbitrary* reductions to reduce the total assessments to the amount required to be raised by local assessment.

In the final revised assessment three benefit parcels, Nos. 361, 362 and 363, owned by other respondents, and benefit parcel No. 360, not involved on the appeal, fronting on the south-westerly side of Williamsbridge road, and having no frontage on or outlet to the new avenue, excepting through Williamsbridge road, are together assessed the sum of $2,334.08, while five benefit parcels, likewise not involved on the appeal, of substantially the same dimensions and same frontage, but directly across Williamsbridge road and fronting on the northeasterly side thereof, are together assessed only the sum of $1,264.54. Benefit parcels Nos. 356, 357 and 358, fronting on the northeasterly side of Walker avenue, owned by other respondents, are together assessed the sum of $1,628.94, while

benefit parcels Nos. 343, 344 and 345, directly across Walker avenue therefrom, and fronting on the southwesterly side thereof, and of substantially the same frontage and dimensions, are together assessed only the sum of $636.60. This inequality of assessment is likewise the result of the erroneous application of the block to block rule, for it is manifest that there can be but little substantial difference between the benefit derived from this improvement by the benefit parcels lying between Williamsbridge road and Walker avenue, which have no frontage on the new avenue, and corresponding parcels directly across Williamsbridge road and Walker avenue, respectively, therefrom. It is, I think, evident that these apparently unequal and unjust assessments are the result of the erroneous application of the block to block rule, or the application of some erroneous rule. I am of opinion that in the circumstances the court at Special Term properly refused to confirm the assessments for benefit. The court, however, cannot control the judgment of the commissioner with respect to the amount or proportion of benefit. It can only require him to proceed according to the statutory requirement and to assess the total amount required to be assessed by local assessments upon the several parcels within the area of assessments in proportion to the benefits derived by them respectively; and to assess the parcels owned by the respondents in proportion to the benefits derived by their respective parcels considered with all other parcels within the area of assessment. The order requires that the assessment shall be made in accordance with the opinion of the court. If left without modification that might coerce the judgment of the commissioner with respect to determining and apportioning the benefits.

It follows that the order should be modified by directing that the assessments be made in proportion to the benefits derived by the respective parcels, and as so modified affirmed, with costs to each set of respondents appearing separately.

CLARKE, P. J., SCOTT and DAVIS, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, with costs to each set of respondents appearing separately. Order to be settled on notice.